■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PADILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 19, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The issue on this appeal is whether the evidence at trial was sufficient to support the defendant's felony murder convic-

tion. We find that the People failed to establish beyond a reasonable doubt the existence of an intent to carry out the underlying felony and, accordingly, we must reverse the defendant's conviction which is predicated thereon.

The evidence at trial tended to show that the defendant and several others were standing around the car of the victim, Scott Parker, and that a gun was held against Parker's neck and fired at point-blank range into him. The defendant was placed at the scene by an eyewitness an instant after the shot was fired and was further shown to be present at Parker's car at some point by the existence of his fingerprint on the front right car door window. When the police arrived at the scene shortly after the shooting, Parker was found slumped over the steering wheel. In his hands, cradled in his lap, were his wallet and some loose bills. He died several days later as a result of the gunshot wound. Since the defendant was among those people standing by the car, speaking to one another, and then running off together heading towards the same building, the People concluded that they were acting together at the shooting and thus charged the defendant on an accomplice theory of liability. It was the People's theory that the use of the gun and the fact that there was cash in the victim's hands demonstrated that a robbery was in progress when Parker was shot. The People maintain that this evidence, supplemented with proof of the defendant's failure to return home or report to work after the incident and his subsequent flight to Puerto Rico, supported the inference that the defendant was involved in the underlying crime and was not, contrary to his assertions, an innocent bystander.

Although we have viewed the evidence in the record in the light most favorable to the People and have given them the benefit of every reasonable inference which can be drawn therefrom, in this case, which was based solely upon circumstantial evidence, the facts from which the inference of guilt is drawn must be inconsistent with the defendant's innocence, must exclude to a moral certainty every reasonable hypothesis except guilt, and must not require that the trier of fact leap logical gaps in order to arrive at the determination of guilt (*People v Marin*, 65 NY2d 741, 742; *People v Benzinger*, 36 NY2d 29, 32). The defendant's presence at the scene of a crime, without more, is not enough to establish guilt (*see, People v La Belle*, 18 NY2d 405, 411-412; *Matter of John G.*, 118 AD2d 646), and the fact that Parker was found with his wallet in his lap is not enough to establish that, at the time of the shooting, the perpetrators intended to deprive Parker of

property or that, either as principal or acting in concert with others, the defendant engaged in conduct tending to deprive Parker of any property (cf., People v Berzups, 49 NY2d 417, 427; Penal Law §§ 110.00, 155.05). Accordingly, we hold that the evidence was not legally sufficient to establish beyond a reasonable doubt that the defendant possessed the requisite intent to commit the underlying felony and the conviction must fall.

In view of our decision to reverse, we do not address the defendant's remaining contentions. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.