◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered February 23, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant's conviction for murder in the second degree arises out of the death of Adelino Fragoso Domar on March 5, 1985, which resulted when Domar fell from a sixth-floor apartment window. On appeal, the defendant argues that the proof of guilt adduced at trial, which consisted entirely of circumstantial evidence, was legally insufficient to support the verdict of guilt. We agree and, accordingly, reverse the judgment of conviction and dismiss the indictment.

The proper standard for testing the sufficiency of a conviction based entirely on circumstantial evidence is that "the conclusion of guilt must be consistent with and flow naturally from the proven facts, and that those facts viewed as a whole must exclude 'to a moral certainty' every conclusion other than guilt (e.g., *People v Cleague*, [22 NY2d 363,] 365-366; *People v Benzinger*, [36 NY2d 29,] 32)" *(People v Kennedy*, 47 NY2d 196, 202). The circumstantial evidence in this case fails to satisfy this standard. The only evidence against the defendant consisted of the prior testimony of a witness who had testified against the defendant in his first trial which ended in a mistrial. Although that witness's testimony was properly admitted into evidence in view of the prosecution's showing that the witness was unavailable and could not be located despite the prosecution's due diligence *(see,* CPL 670.10 [1]), we conclude that the finding of guilt based on that testimony was not consistent with nor did it flow naturally from the proven facts *(see, People v Kennedy, supra,* at 202). When this testimony is viewed as a whole, it merely establishes that the defendant was in the apartment, along with at least four other individuals, shortly before Domar fell out the window. Although the witness apparently observed the defendant holding a gun and verbally threatening Domar, at no point did the witness observe the defendant, or any other individual, push or force Domar out the window. In the absence of any evidence, circumstantial or otherwise, linking the defendant to Domar's death, his conviction must be reversed and the indictment dismissed.

In light of the foregoing, we do not reach the contention raised in the defendant's supplemental *pro se* brief. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.