■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KOOPALETHES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered April 25, 1989, convicting him of conspiracy in the fourth degree, conspiracy in the fifth degree, bribe receiving in the second degree, and grand larceny in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The facts of the instant case are related in the companion appeal *(People v Manfredi,* 166 AD2d 460 [decided herewith]).

The defendant contends that the trial court erred in refusing to submit for the jury's determination whether the contractor John Mateus was an accomplice-in-fact, so as to require corroboration of his testimony pursuant to CPL 60.22. Mateus was the only prosecution witness whose testimony the court permitted the jury to consider as directly implicating the defendant in the substantive crimes. Mateus testified that he had paid the defendant a bribe in 1985. We find that although the trial court erred in refusing to charge the jury that it could find Mateus to be an accomplice-in-fact, the error was harmless *(see, People v Crimmins,* 36 NY2d 230).

Because differing inferences could reasonably have been drawn *(see,* CPL 60.22 [2]) from Mateus' testimony, the question as to whether he was an accomplice should have been submitted to the jury *(cf., People v Vataj,* 69 NY2d 985, 987). Mateus testified that before he began his own contracting business, he was aware of the system of bribing Board of Education inspectors. Although he initially resisted paying the bribes, he complied with the conspirators' demands when his vouchers were not approved, concluding that the bribes were the cost of doing business. However, Mateus could not have been both a willing bribe giver and an unwilling victim of

extortion in the same transaction (Penal Law § 200.05; *People v Court*, 43 NY2d 817). The jury's finding, therefore, that the defendant was guilty of extortion beyond a reasonable doubt, necessarily rejected a finding that Mateus was an accomplice. Thus, the court's failure to submit this issue for the jury's determination was harmless.

Contrary to the defendant's assertion, we find that viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), it was legally sufficient to establish his guilt of the conspiracy charges. Corroborative evidence need not prove the entire case against the defendant, or prove the crime itself, or corroborate every element of the accomplice's testimony *(see, People v Dixon,* 231 NY 111, 116-117). Corroborative evidence is sufficient if it tends to connect the defendant with the commission of the crime in such a way as to reasonably satisfy the jury that the accomplice is telling the truth *(see, People v Glasper,* 52 NY2d 970, 971). Here, the testimony of Golding, an accomplice as a matter of law, that the defendant was one of the conspirators at the 1977 meeting at LaStella's Restaurant was corroborated by the testimony of the contractor Mateus. Mateus further testified that he paid an exorbitant "fee" directly to the defendant in order to get his vouchers signed on a stone-removal and repaving job at Public School Number 61 in 1985. Apparently dissatisfied with the payment because of Mateus's projected profit on the resale of the salvaged stones, the defendant delayed Mateus's invoices in an apparent attempt to extract more money from him. This testimony alone, independent of that of Golding, allowed the jury to conclude that the defendant was engaged in the criminal activity with which he was charged.

Although the court erred in permitting the contractor Mateus to testify that during the investigation of the instant case he found a note on his car saying "be careful, be quiet" *(see, People v Leon,* 121 AD2d 1; *People v Brabham,* 77 AD2d 626), the Trial Judge made clear through his questioning of the witness that no connection had been established between the note and the defendant, that the note contained no threat, and that it was not related to Mateus's testimony at trial. In addition, the note was never mentioned again by any party during the trial. In view of the overwhelming evidence of the defendant's guilt, we conclude that there was no significant probability that the passing reference to this note contributed to the defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, *supra).*

We have examined the defendant's remaining contentions

and find them to be either unpreserved for appellate review or without merit. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.