■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUVIC GJONAJ, Appellant.

The three complainants were shot as a result of a "drive-by" shooting. The defendant's accomplice, John McGrath, testified that the defendant had carried the gun and fired the shots at the complainants, hitting two of them. The question raised on appeal is whether the witness Daniel Creegan, who was also present in the car at the time of the shooting, should be deemed to be an accomplice as a matter of law (see, CPL 60.22 [2]).

The testimony at trial revealed that on the afternoon of March 8, 1990, an altercation took place between McGrath and three teenagers, during which McGrath was threatened by one of the youths. Later that evening, McGrath decided to either settle the dispute or to fight "one-on-one" with the youth who had threatened him. Several of McGrath's friends, including Creegan and the defendant, accompanied him so that they might assist him in the event that anyone else "jumped in".

The codefendant Christopher Tevnan drove McGrath, the defendant, and Creegan to search for the youth. After McGrath pointed out three youths whom he believed to be the youths with whom he had the earlier altercation, Tevnan circled around the block and drove past them again so that McGrath could confirm his belief. As they did so, Creegan expressed his opinion that they should "get out of there". As Tevnan drove past the youths again, the defendant, who was seated in the front passenger seat, pulled out a handgun and fired five or six shots. One of the youths was hit in the

shoulder and another was hit in the nose. As Tevnan drove away, the defendant stated "I think I shot two kids".

McGrath testified that he was laying on the floor of the car, and after he heard the shots being fired, he looked up and saw the defendant leaning out of the front passenger window of Tevnan's car. In addition, although he did not see the defendant fire the shots, Creegan testified that the defendant was in the front passenger seat at the time the shots were fired.

We reject the defendant's contention that the court erred in failing to find that Creegan was an accomplice as a matter of law and that his testimony required corroboration pursuant to CPL 60.22. In order for a witness to be deemed an accomplice as a matter of law for purposes of the corroboration rule (CPL 60.22 [1]), the evidence presented must demonstrate that the witness participated in (a) the offense charged, or (b) an offense based upon the same or some of the same facts or conduct which constitutes the offense charged (CPL 60.22 [2]). Thus, Creegan was an accomplice as a matter of law only if on the evidence presented, the trier-of-fact could reach no other conclusion than that he participated in the offense charged or an offense based upon the same or some of the same facts or conduct within the statutory definition *(see, e.g., People v Cobos,* 57 NY2d 798, 802; *People v Tusa,* 137 AD2d 151, 156).

Creegan's presence in the rear seat of Tevnan's car at the time of the shooting is insufficient to make him an accomplice as a matter of law *(People v Tucker,* 72 NY2d 849). Rather, the evidence with respect to Creegan is reasonably susceptible to differing inferences, and the trial court properly determined that whether Creegan was an accomplice was a question of fact *(People v Vataj,* 69 NY2d 985, 987; *People v Morillo,* 156 AD2d 479, 480; *People v Tusa, supra).*

The defendant's contention that he was not provided with the effective assistance of counsel is without merit *(see, People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137). Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.