■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FLAGG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered October 17, 1988, convicting him of murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of murder in the second degree, robbery in the first degree (two counts), and robbery in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted, *inter alia,* of felony murder in connection with the slaying of Danny Lomax, who was shot to death during the course of a robbery on December 27, 1986. On appeal, the defendant contends that his felony murder conviction should be vacated because the People failed to adduce legally sufficient evidence to prove that he shared his codefendants' intent to commit the underlying felony of robbery. We agree.

It is well settled that in order to hold an alleged accessory liable for the crime committed by the principal actors, the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal to commit such crime *(see,* Penal Law § 20.00; *People v La Belle,* 18 NY2d 405). At bar, the evidence adduced at trial established that approximately two weeks prior to the shooting, the defendant was robbed at gunpoint by an individual named Shawn Lindsay, who was known to him as "Everlasting". During the course of this alleged robbery, Everlasting took approximately $200 worth of narcotics from the defendant. On the night of the shooting, the defendant,

accompanied by several other men, set out to recover the stolen narcotics from Everlasting. Upon arriving at the apartment building where Everlasting resided, the defendant and his companions confronted Darryl Smith, who was acquainted with Everlasting, and demanded that he reveal Everlasting's whereabouts. When Smith refused to answer, a scuffle ensued. At that point, Danny Lomax entered the building. During the course of the scuffle, one of the men snatched a gold chain from Smith's neck, and another man shot Danny Lomax, who later died as a result of his wounds. Although the defendant made several statements to law enforcement officials following his arrest, he consistently denied that he had participated in or witnessed the robbery of Smith's chain. Moreover, the complainant Smith testified that he did not know which of his assailants took the chain because his back was turned away from the men.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally insufficient to establish that the defendant harbored any intent to rob Smith, or that he intentionally assisted in the forcible taking of Smith's property (see, People v Taylor, 141 AD2d 581; People v De Jesus, 123 AD2d 563; Matter of John G., 118 AD2d 646; People v Reyes, 110 AD2d 663; People v Jones, 89 AD2d 876). The defendant's presence at the scene of the crime, without more, is not enough to establish guilt (see, People v Padilla, 146 AD2d 813; Matter of John G., supra; People v Karchefski, 102 AD2d 856). Accordingly, we conclude that the defendant's commission of the underlying felony of robbery was not established beyond a reasonable doubt, and thus his felony murder conviction and his robbery convictions must fall (see, People v Padilla, supra).

We have examined the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.