■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE MURNANE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered August 14, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of murdering Marjorie Myers Lodes on October 25, 1986. On appeal, he argues that the proof of guilt adduced at trial, which consisted entirely of circumstantial evidence, was legally insufficient to support the verdict of guilt. We agree and, accordingly, reverse the judgment of conviction, and dismiss the indictment.

The proper standard for testing the sufficiency of evidence of guilt consisting entirely of circumstantial evidence is that "the facts from which the inference of the defendant's guilt is drawn must be established with certainty, must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis" *(People v Williams,* 35 NY2d 783; *see also, People v McClean,* 65 NY2d 758, *affg* 107 AD2d 167, *for reasons stated at App Div; People v Washington,* 157 AD2d 872, 873; *People v Padilla,* 146 AD2d 813, 814). The circumstantial evidence adduced in this case fails to satisfy this standard. The chief evidence against the defendant was a statement he made to an investigator, that he had awakened to find, in his jacket, a bloody steak knife and he knew that he did something wrong. However, the knife was never found and examination of the defendant's jacket revealed no traces of blood whatever. In addition, the defendant, in his statement to the police, identified a hat found at the scene of the crime as his. However, another witness for the People testified that the defendant was not wearing the hat found at the scene of the crime on the night of the crime. None of the other forensic evidence tied the defendant to the offense. There was testi-

mony that placed the defendant, at closest, half a mile away from the scene of the crime. In the absence of any evidence, circumstantial or otherwise, linking the defendant to Mrs. Lodes' death, his conviction must be reversed and the indictment dismissed.

In light of the foregoing, we do not reach the defendant's remaining contentions. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.