■ The People of the State of New York, Respondent, v Israel Montalvo, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered December 19, 1990 by which defendant was convicted, after a jury trial, of murder in the second degree, manslaughter in the second degree and burglary in the first degree, and sentenced to concurrent terms of 15 years to life, 5 to 15 years and 8⅓ to 25 years, respectively, unanimously reversed, on the law and the facts, both homicide counts contained in the indictment are dismissed and the matter is remanded for a new trial on the burglary count.

The defendant and the victim, Anna Cruz, met sometime in the late 1970's and lived together, first in Puerto Rico, then in Pennsylvania and finally at 3464 East 159th Street in the Bronx, until 1986, when the defendant left the parties' residence. At the time the defendant left the residence there was an outstanding order of protection against him and the locks and telephone number were changed.

The evidence presented by the People established that, on the morning of June 5, 1987, Cruz got out of bed to answer a knock at the door and that, about one minute after opening the door, she ran past her mother, Mercedes Mercado, who was the People's main witness, shouting that "Negron" was going to kill her. Negron was the defendant's nickname. The defendant, who according to Mercado had a gun, pushed his way past Mercado and followed Cruz through the living room into one of the two bedrooms of the apartment. Mercado testified that she saw the defendant holding Cruz by the shoulder while pointing a gun at her, near the window in the bedroom. While Mercado stated her daughter was crying, she stated also that she observed the defendant and her daughter talking for two to five minutes. Mercado then either fainted or became hysterical and passed out. She did not regain consciousness until sometime later, when she saw the defendant running out of the apartment. Because Mercado could not find her daughter in the apartment she looked out of the window near where her daughter and the defendant were standing, and saw her daughter lying on the sidewalk below.

Yesinia Paguanda, a four year old (seven at the time of trial) testified as an unsworn witness. She heard the knock at the door, but stated that it sounded like a child's knock. Her only other coherent testimony was that she hid under the bed in one of the two bedrooms of the apartment, and saw Cruz, standing on the window ledge holding on to the side of the window, and then saw her slip and fall out of the window. Neither the trial court nor either attorney could elicit from the child how Cruz came to be on the ledge or whether anyone else was in the room. A piece of the window frame was found near the victim on the ground.

The defendant testified on his own behalf, and stated that between the time he left Cruz in 1986 and June 4, 1987 he spoke with Cruz on two occasions. At the second encounter Cruz gave the defendant her telephone number. Defendant stated that on June 4, 1987 after work, he drove to Cruz's apartment from Reading, Pennsylvania. Upon arriving, he knocked on the door, which Cruz opened, and spoke with Cruz at the doorway for several minutes. Mercado heard the defendant and began to verbally abuse and push him. The defendant left when Cruz walked back into the apartment. Defendant stated that he dropped his glasses in the hallway of the apartment, but denied possessing a gun, threatening Cruz or causing her death in any way. According to the defendant, he learned of the victim's death four days later, after he was back in Pennsylvania.

The evidence, viewed in the light most favorable to the People *(People v Contes,* 60 NY2d 620) does not establish beyond a reasonable doubt that the defendant caused the death of Anna Cruz. While the People's theory is that Cruz fell to her death because defendant in some way forced her out of the window at gunpoint, it does not establish that theory as the only hypothesis. It is not enough that the hypothesis of guilt accounts for all of the facts proved *(People v Way,* 59 NY2d 361, 367), rather the facts from which the inference of defendant's guilt is drawn must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis *(supra,* at 365).

The evidence establishes only that, the defendant was standing near a window with Anna Cruz, holding Cruz by the shoulder and talking, and that Cruz fell to her death from the window. Evidence to establish that the defendant pushed or otherwise compelled Cruz to jump out of the window—i.e., evidence establishing the necessary causal link between this defendant's actions and this victim's death—is absent from

Mercedes Mercado's testimony. To conclude, in light of the interruption in Mercado's testimony, and the absence of any testimonial or physical proof of a struggle, that defendant's armed presence was the cause of Cruz's death requires an impermissible inference upon an inference. The evidence herein is not even as strong as the evidence presented in *People v Washington* (157 AD2d 872), wherein the conviction was reversed. There it was held, that although the witness apparently observed the defendant holding a gun and verbally threatening the victim, at no point did the witness observe the defendant or any of the four other individuals present in the room push or force the victim out of the window.

The People's argument that the issue regarding the sufficiency of the evidence is not preserved, because defense counsel did not object to the trial court's failure to charge that the circumstantial evidence had to sustain the conviction to a moral certainty, is misplaced. Defendant's challenge is to the sufficiency of the evidence and not to the sufficiency of the court's charge regarding the murder and manslaughter counts.

However, the trial court's charge with respect to the burglary was deficient. The trial court failed to properly communicate that the defendant's liability for the burglary was dependent upon whether or not the defendant possessed the intent to commit a crime at the time he entered the apartment. An individual who commits a crime when present on premises with license, or who commits a crime after initially trespassing, without any intent to commit another crime, is not guilty of burglary *(People v Gaines,* 74 NY2d 358, 362-363; *see also, People v Graves,* 76 NY2d 16). The court's erroneous charge, coupled with unclear testimony from the People's witness as to whether defendant entered the apartment with or without permission, presents a lack of evidence from which conclusions as to defendant's intent can be drawn, and accordingly requires that there be a new trial on the burglary count. Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin, JJ.