■ The People of the State of New York, Respondent, v Roland Cody, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 27, 1989, convicting him of murder in the second degree, robbery in the first degree (six counts), robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Unlike the situation presented in the case of *People v Flagg* (180 AD2d 813), the People presented legally sufficient evidence in this case to establish the defendant's guilt of the robbery charges beyond a reasonable doubt. The evidence adduced at trial established that Charles Pannell drove the defendant, Hobie Townsend, William Flagg, and two other men to an apartment building in Far Rockaway. Pannell waited outside while the men entered the building. From his van, Pannell was able to partially observe the defendant inside the building positioning his hands as if he were holding a rifle. Felicia Harrison testified that she witnessed five men, two of whom she identified as Townsend and Champion, accost Darryl Smith and fatally shoot Danny Lomax while inside the building. Harrison further testified that she was robbed of two gold chains by a man holding a sawed-off shotgun. Darryl

Smith testified that five men, two of whom he identified as Flagg and Townsend, all of whom were armed, threw him against the wall and told him not to move while one of the men took his gold chain. Notably, Smith maintained that all of the men participated in the robbery. Finally, Pannell testified that he saw the defendant come out of the building holding a sawed-off shotgun. En route home, Pannell heard the defendant arguing with the other men over some jewelry. Under the circumstances of this case, the jury could have reasonably concluded that the defendant possessed the mental culpability necessary to commit the robbery, and that in furtherance thereof, he solicited, requested, importuned, or intentionally aided the other men to commit this crime (see, Penal Law § 20.00; CPL 60.22; People v Flagg, supra; People v La Belle, 18 NY2d 405; People v Monaco, 14 NY2d 43; People v White, 178 AD2d 452).

Further, we find that the court properly refused to charge the jury that Charles Pannell was an accomplice as a matter of law (see, CPL 60.22; People v Vataj, 69 NY2d 985; People v Basch, 36 NY2d 154). Pannell repeatedly maintained that he only gave the group of men a ride to and from the building as a favor to Flagg, that he had no idea what was to happen, and that he was also in the neighborhood to visit his cousin. While the defendant contends that Pannell's claims of ignorance were incredible, the resolution of the credibility issue was for the jury to decide (see, People v Cobos, 57 NY2d 798; People v Tuck, 155 AD2d 491; People v Santoro, 68 AD2d 939; People v Santana, 82 AD2d 784, affd 55 NY2d 673). In any event, we note that Smith and Harrison provided sufficient corroboration of Pannell's testimony (see, People v Glasper, 52 NY2d 970; People v Koopalethes, 166 AD2d 458). Accordingly, there was no danger that the defendant's conviction could have been predicated upon the uncorroborated testimony of an accomplice (cf., People v Velasquez, 151 AD2d 159, affd 76 NY2d 905).

However, the People concede, and we agree, that there was legally insufficient evidence to sustain the defendant's conviction for criminal possession of a weapon in the second degree (see, Penal Law § 265.03; People v Cavines, 70 NY2d 882; People v McInnis, 179 AD2d 781).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.