THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVY ROBINSON, Appellant. [610 NYS2d 591] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Sherman, J.), rendered August 8, 1991, convicting him of criminal sale of a controlled substance in the third degree, under Indictment No. 13604/90, upon a jury verdict,

and imposing sentence, and (2) an amended judgment of the same court, also rendered August 8, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that the defendant had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree, under Superior Court Information No. 11837/88.

Ordered that the judgment and the amended judgment are affirmed.

At the trial, the defense counsel stipulated that if a police department chemist were to testify, he would testify that the four sealed plastic bags being introduced into evidence against the defendant contained cocaine. On the afternoon of the second day of trial, the defendant did not appear, and the court stayed the issuance of a bench warrant until the following morning. After the jury was excused, the court marked the four bags of contraband into evidence, with the consent of the defendant's counsel and the codefendant's counsel, "subject to connection". On the following morning, the defendant reappeared, claiming that ill health had necessitated his absence on the preceding afternoon. Thereafter, an undercover police officer testified to purchasing the four bags of drugs from the defendant, marking them with his initials, vouchering and sealing them at the precinct, and retrieving them from the Property Clerk's Office for production at trial. The narcotics were then marked into evidence.

A defendant has a constitutional and statutory right to be present at all material stages of his trial, including "during the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court's charge to the jury" (People v Velasco, 77 NY2d 469, 472; People v Mullen, 44 NY2d 1, 4; see, CPL 260.20). However, a defendant's presence at the trial is required "only where his absence would have a substantial effect on his ability to defend" (People v Mullen, supra, at 5), as, for example, where the proceeding involves factual matters about which the defendant might have peculiar knowledge that would be useful in advancing his or her position or countering the People's position (see, People v Favor, 82 NY2d 254; People v Dokes, 79 NY2d 656; People v Morales, 80 NY2d 450). Here the simple marking of the contraband into evidence, subject to connection, during the defendant's absence, did not have a substantial effect on his ability to defend, nor did the proceeding involve factual mat-

ters about which the defendant might have peculiar knowledge. We note that the defendant had stipulated to the admission of the contraband, and that before it was actually admitted into evidence, a proper foundation was elicited in the defendant's presence and he was able to raise any objections or factual claims that he might have had.

We further find that the court did not improvidently exercise its discretion in ruling that the prosecutor would be permitted to interrogate the defendant as to the underlying facts of his three prior drug convictions if he testified at trial *(see, People v Sandoval,* 34 NY2d 371; *People v Monahan,* 114 AD2d 380; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal *(see, People v Crimmins,* 36 NY2d 230). Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.