■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWEY BOZELLA, Appellant. [613 NYS2d 433] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered May 9, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his right to be present at all material stages of the trial when the court entertained several evidentiary applications outside of his presence is without merit. A defendant's right to be present during the trial of the indictment includes his presence during, *inter alia,* the introduction of evidence *(see,* CPL 260.20; *People v Mullen,* 44 NY2d 1, 4; *see also, People v Velasco,* 77 NY2d 469, 472; *Maurer v People,* 43 NY 1, 3). However, the defendant's presence is required only where his absence would have a substantial effect on his ability to defend *(see, Snyder v Massachusetts,* 291 US 97; *People v Mullen, supra),* such as when a proceeding involves factual matters about which the defendant might have peculiar knowledge that would be useful in advancing his or her position or countering the People's position *(see, People v Favor,* 82 NY2d 254; *People v Morales,* 80 NY2d 450; *People v Dokes,* 79 NY2d 656). In the present case, since the entire sequence to which defendant refers did not have a substantial effect on his ability to defend, nor did it involve factual matters about which the defendant might have peculiar knowledge, the defendant's presence was not required

*(see, People v Velasco, supra; see, e.g., People v Robinson,* 203 AD2d 491).

The defendant also contends that the court erred in failing to find that one of the two eyewitnesses who had observed him entering the apartment building where the deceased resided on the night in question was an accomplice as a matter of law, and that, accordingly, the testimony of this and the other eyewitness, who was properly determined to be an accomplice "as a matter of law", required corroboration *(see,* CPL 60.22 [1]). This contention is also without merit, inasmuch as the testimony given by the eyewitness in question raised differing inferences as to whether this witness had, in fact, participated in the offense charged or in an offense based upon the same or some of the same facts or conduct that constituted this offense *(see,* CPL 60.22 [2]; *People v Jones,* 73 NY2d 902, 903; *People v Vataj,* 69 NY2d 985, 987; *People v Gjonaj,* 179 AD2d 773, 774).

The prosecutor exceeded the court's evidentiary ruling with respect to a tape-recorded conversation, in which the defendant's accomplice had initially implicated himself and the defendant in the homicide, during both his cross-examination of the accomplice and his summation. However, under the circumstances, the prosecutor's conduct did not deprive the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

We have examined the defendant's remaining contentions and find that they are without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.