■ The People of the State of New York, Respondent, v Rechon Fields, Appellant. [648 NYS2d 176] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 25, 1994, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for murder in the second degree (felony) and the conviction for attempted robbery in the first degree, vacating the sentences imposed thereon, and dismissing those two counts of the indictment; as so modified, the judgment is affirmed.

The defendant's conviction arises from the shooting death of

Jose Duran on the night of August 17, 1993. Two eyewitnesses testified, in effect, that they saw the defendant following the victim, that at some point the defendant reached towards the victim's neck as if to snatch a chain or something from the victim's neck, and that the victim turned and pushed or knocked the defendant's hand away. The two men then began to walk away from each other. However, the victim suddenly turned around and started walking towards the defendant. The defendant turned around to face the victim, pulled out a gun, and shot the victim in the chest, killing him. The witnesses did not know if the defendant, in fact, attempted to snatch, or indeed snatched, anything from the victim's neck. After the shooting, the victim's back pocket was found turned inside out, but the eyewitnesses did not see the defendant remove anything from the victim's pocket after the shooting.

Contrary to the People's argument, the defendant sufficiently preserved the contentions which he raises on this appeal.

We find that the evidence was insufficient to establish an attempted robbery and, consequently, felony murder (*see, People v Middleton,* 212 AD2d 809; *People v Nixon,* 156 AD2d 144; *People v Padilla,* 146 AD2d 813). There was no evidence that the victim wore a chain prior to the incident or that a chain was found around the victim's neck. Nor was there any evidence that the defendant had anything to do with the victim's pocket which was found to have been pulled inside out.

Moreover, the evidence does not indicate that the shooting was connected to an attempt to prevent resistance to a forcible taking.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.