OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to that Court for consideration of the facts and other issues raised but not considered on the appeal to that Court.
 

 Defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second and third degrees (Penal Law § 265.02 [4]; § 265.03). The Appellate Division reversed the conviction and dismissed the indictment, concluding that the evidence "when viewed in the light most favorable to the People, fails to establish beyond a reasonable doubt that the defendant acted in concert with Ocasio to intentionally cause Guerra’s death” (222 AD2d 710, 712). The Court further noted that the evidence did not prove beyond a reasonable doubt or to a moral certainty that the defendant shared the intent to kill Guerra and that the evidence does not exclude the " 'fair inference’ ” that the defendant did not share in Ocasio’s intention to kill Guerra
 
 (People v Rossey, supra,
 
 at 711). This standard was erroneous.
 

 Generally, including a circumstantial evidence case, "the standard of [appellate] review in determining whether the evidence before the jury was legally sufficient to support a finding of guilt beyond a reasonable doubt is whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt”
 
 (People v Cabey,
 
 85 NY2d 417, 420;
 
 see also, People v Norman,
 
 85 NY2d 609, 620). Although the evidence that defendant shared Ocasio’s intention to kill was circumstantial, the test for appellate review on the issue of the legal sufficiency of the evidence is
 
 *972
 
 the same for both direct and circumstantial evidence
 
 (People v Cabey, supra,
 
 at 421).
 

 Viewed in a light most favorable to the People, the evidence indicated that the defendant drove the actual shooter and another person to the area of the crime, drove around apparently looking for the victim, engaged the victim in a heated verbal conversation on the street, and turned and waved his arms as though giving a signal. At that point the shooter got out of the car and killed the victim. The defendant then drove the shooter away from the crime scene. This evidence allows a rational trier of facts to conclude that the defendant was acting in concert with the shooter. Therefore, under the correct appellate standard of review, the evidence is legally sufficient to sustain the conviction beyond a reasonable doubt.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum; Judge Titone taking no part.
 

 Order reversed, etc.