■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN P. O'MALLEY, Appellant. [654 NYS2d 840] —Mercure, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered February 17, 1995, upon a verdict convicting defendant of two counts of the crime of robbery in the first degree.

In the early morning hours of September 14, 1994, defendant committed gunpoint robberies at two different convenience stores in the Town of Owego, Tioga County. At the time, defendant was accompanied by David Sweet, Kevin O'Shea and

Jason Jones. It is undisputed that Sweet and O'Shea participated in the robberies and received a share of the stolen money. Jones was intoxicated to the point that he slept in the back seat of the car during the first robbery and took no part in the second, refused to share in the stolen money and was described as a mere "tag along". Convicted after trial of robbery in the first degree in connection with each of the robberies and sentenced as a second felony offender to consecutive prison terms of 6 to 12 years, defendant appeals.

We affirm. Initially, we reject the contention that County Court erred in refusing to charge the jury that Jones was an accomplice as a matter of law (*see*, CPL 60.22 [2]). "If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed but, if different inferences may reasonably be drawn from the proof regarding complicity * * * the question should be left to the jury for its determination" (*People v Basch*, 36 NY2d 154, 157 [citations omitted]; *accord, People v Sweet*, 78 NY2d 263, 266). As such, a defendant is entitled to a charge that a particular witness is an accomplice as a matter of law only if on the evidence the jury could reasonably reach no other conclusion than that the witness participated in the offense charged or an offense based upon the same or some of the same facts or conduct constituting the offense charged (*see*, CPL 60.22 [2]; *People v Cobos*, 57 NY2d 798, 801; *People v Gjonaj*, 179 AD2d 773, 774, *lv denied* 79 NY2d 947).

Defendant's next contention, that there was insufficient trial evidence to corroborate O'Shea's accomplice testimony, is predicated upon the incorrect assumption that Jones was also an accomplice. In any event, we conclude that the testimony of other trial witnesses, including the victims of the robberies and Erin Mattson and Nicole Fabrizio, who were with the four men before and after the robberies, provided sufficient corroboration (*see*, *People v Glasper*, 52 NY2d 970, 971). Finally, we are not persuaded that defendant's sentence, which is well within the permissible statutory range, was not harsh or excessive.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.