THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FEOLA, Appellant. [836 NYS2d 270]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered August 10, 2005, convicting him of making a punishable false written statement, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The facts of this case are described in a companion appeal (*see People v Hepp,* 40 AD3d 880 [2007] [decided herewith]).

In the trial court, the proper standard for testing the sufficiency of evidence of guilt consisting entirely of circumstantial evidence is that "[the] facts from which [the] inference of [the] defendant's guilt is drawn must be established with certainty, must be inconsistent with his [or her] innocence and must exclude to [a] moral certainty every other reasonable hypothesis" (*People v Williams Motor Vehicle Acc. Indem. Corp.,* 35 NY2d 783 [1974]; *see People v McLean,* 65 NY2d 758 [1985], *affg* 107 AD2d 167 [1985]; *People v Washington,* 157 AD2d 872, 873 [1990]; *People v Padilla,* 146 AD2d 813, 814 [1989]). However, unlike the heightened moral certainty standard reserved exclusively for the trier of fact in cases based upon

circumstantial evidence (*see People v Hines*, 97 NY2d 56, 62 [2001]), the appropriate question on appellate review is whether the evidence before the jury, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt (*see People v Rossey*, 89 NY2d 970, 971-972 [1997]; *People v Norman*, 85 NY2d 609, 620-622 [1995]; *People v Wong*, 81 NY2d 600, 608 [1993]). The circumstantial evidence adduced in this case failed to satisfy this standard.

A person is guilty of making a punishable false statement when "he knowingly makes a false statement, which he [or she] does not believe to be true, in a written instrument bearing a legally authorized form notice to the effect that false statements made therein are punishable" (Penal Law § 210.45). At bar, the chief evidence against the defendant was an affidavit purportedly signed by him in which the allegedly false statements were made (hereinafter the affidavit). However, there was no direct evidence that the affidavit was actually signed by the defendant. Rather, the People relied upon, inter alia, the testimony of an Assistant District Attorney (hereinafter the ADA) with the Kings County District Attorney's Office that the ADA sent the unsigned affidavit via facsimile to the police precinct to the attention of the codefendant, Gregory Hepp, after a telephone conversation with the defendant. A signed affidavit purportedly bearing the defendant's signature was sent back to the ADA by facsimile under a cover sheet bearing the defendant's name. Notably, the ADA testified that he did not know whether the signature on the signed affidavit was that of the defendant. The People inexplicably failed to proffer any direct evidence that the affidavit bore the actual signature of the defendant. Under these circumstances, the evidence was legally insufficient to sustain the conviction beyond a reasonable doubt.

In light of the foregoing, we do not reach the defendant's remaining contentions. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur. [*See* 8 Misc 3d 1024(A), 2005 NY Slip Op 51264(U) (2005).]