■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY HEPP, Respondent. [836 NYS2d 268]—

Appeal by the People from an order of the Supreme Court,

Kings County (Collini, J.), dated August 10, 2005, which granted those branches of the defendant's motion which were pursuant to CPL 290.10 (1) to set aside a jury verdict convicting the defendant of making a punishable false written statement and to dismiss the indictment on the ground that the verdict was not supported by legally sufficient evidence.

Ordered that the order is affirmed.

The defendant and a codefendant, James Feola, along with two other New York City police officers, were on traffic patrol in Brooklyn on March 8, 2004. The defendant issued Boris Nkari a ticket for double parking, after which an altercation ensued. Nkari was arrested and charged with, inter alia, assaulting a police officer. A legal assistant at the Kings County District Attorney's Office prepared a criminal complaint against Nkari based upon verbal reports of the defendant and Feola regarding the incident. Feola also spoke to an Assistant District Attorney (hereinafter the ADA) by telephone regarding the incident. Afterwards, the ADA sent by facsimile to the police precinct, two corroborating affidavits to be signed by the defendant and Feola. The cover sheet of the facsimile was addressed to the defendant. Shortly thereafter, the ADA received by facsimile two affidavits purportedly signed by the defendant and Feola, respectively, under a cover sheet indicating that the facsimile was from Feola.

Sometime after the charges against Nkari were dropped, the defendant and Feola were charged, inter alia, with making a punishable false written statement based on the affidavits. The jury acquitted them of all charges except the charge of making a punishable false written statement (see Penal Law § 210.45). The defendant moved, inter alia, pursuant to CPL 290.10 (1) to set aside the jury verdict and to dismiss the indictment on the ground that the verdict was not supported by legally sufficient evidence. The Supreme Court granted those branches of the motion in the order appealed from.

In the trial court, the proper standard for testing the sufficiency of evidence of guilt consisting entirely of circumstantial evidence is that "the . . . facts from which [the] inference of [the] defendant's guilt is drawn must be established with certainty, must be inconsistent with his innocence, and must exclude to a moral certainty every other reasonable hypothesis" (*People v Williams Motor Vehicle Acc. Indem. Corp.*, 35 NY2d 783 [1974]; *see People v McLean*, 65 NY2d 758 [1985], *affg* 107 AD2d 167 [1985]; *People v Washington*, 157 AD2d 872, 873 [1990]; *People v Padilla*, 146 AD2d 813, 814 [1989]). However, unlike the heightened moral certainty standard reserved

exclusively for the trier of fact in cases based upon circumstantial evidence (*see People v Hines*, 97 NY2d 56, 62 [2001]), the appropriate question on appellate review is whether the evidence before the jury, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt (*see People v Rossey*, 89 NY2d 970, 971-972 [1997]; *People v Norman*, 85 NY2d 609, 620-622 [1995]; *People v Wong*, 81 NY2d 600, 608 [1993]). The circumstantial evidence adduced in this case failed to satisfy this standard.

A person is guilty of making a punishable false written statement when "he knowingly makes a false statement, which he does not believe to be true, in a written instrument bearing a legally authorized form notice to the effect that false statements made therein are punishable" (Penal Law § 210.45). Here, the chief evidence against the defendant was the affidavit purportedly signed by him in which the allegedly false statements were made. However, there was no direct evidence that the affidavit was actually signed by him. Rather, the People relied upon, inter alia, the ADA's testimony regarding the facsimiles to and from the police precinct and the ADA's conversation with Feola. Notably, the ADA testified that he did not know whether the signature on the affidavit was that of the defendant. The People inexplicably failed to proffer any direct evidence that the affidavit bore the actual signature of the defendant. Under these circumstances, the evidence was legally insufficient to sustain the conviction beyond a reasonable doubt.

In light of the foregoing, we do not reach the People's remaining contentions. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.