■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ALBRIGHT, Appellant. [874 NYS2d 65]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered April 10, 2007, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of five years, reversed, on the law, and the indictment dismissed.

The jury's verdict that defendant was guilty of second-degree burglary by entering a "bike room," which he was not authorized to enter, as opposed to a "pump room," which he was authorized to enter, was not supported by sufficient evidence, so the "unlawful entry" element of the crime was not proved beyond a reasonable doubt. Accordingly, we reverse the judgment of conviction and dismiss the indictment.

The evidence at trial established the following: defendant was an employee of a subcontractor which had been hired in August 2003 to service the air conditioning of a doctor's office on the first floor of a cooperative apartment building. To perform that work, defendant and his coworker, Vasilios Kalabakas, were authorized to enter the "pump room" in the basement, but were not authorized to enter the room in which residents stored their bicycles, which was located about eight feet down the hallway from the pump room. While standing on the sidewalk in front of

the building, the superintendent saw defendant leave the building carrying a black bag and place it in his employer's van. The superintendent became suspicious, went into the pump room, and found defendant and Kalabakas there, along with another bicycle, which had been partially placed in another black bag. He next checked the bicycle room and found that two bikes were missing.

The building had a security camera trained on part of the basement hallway that did not capture the entrances to the pump and bicycle rooms. The camera showed defendant carrying the black bag down the hallway towards a service door which led to the street. After leaving the building, defendant and Kalabakas went to the apartment of a woman that both of them knew. She testified that when defendant and Kalabakas arrived at her apartment, Kalabakas carried a bag which he left on her apartment terrace.

The standard for reviewing a conviction for the legal sufficiency of the evidence adduced at trial is "whether[,] after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (*People v Calabria*, 3 NY3d 80, 81 [2004] [internal quotation marks and citations omitted]). As is relevant here, a person commits second-degree burglary when "he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling." (Penal Law § 140.25 [2].) For purposes of prosecution for burglary, generally a person will be deemed to enter or remain "unlawfully" in a building or dwelling when the person "is not licensed or privileged to do so." (Penal Law § 140.00 [5].) In this case, while the evidence may have established that defendant committed larceny by moving one bicycle from the pump room to his work van, a rational jury could not have found beyond a reasonable doubt that defendant entered the bicycle room, because the evidence just as fully supports the alternative theory that only Kalabakas (who was charged but not indicted) entered the room and moved the bicycles into the pump room before defendant moved one into the van.

The evidence may have established that defendant committed larceny or, to the extent that Kalabakas may have committed the burglary, that defendant acted in concert with him. However, the indictment only charged defendant with second- and third-degree burglary, and the People did not pursue an acting-in-concert theory. The dissent's position that the jury was entitled to "infer from the evidence that because defendant carried the

bicycle [from the pump room] to the van, it was he who initially removed it from the storage room" must be rejected. The evidence also established that it was Kalabakas who carried the bag containing the bicycle from the van into the apartment of their mutual acquaintance, where defendant and Kalabakas apparently intended to secrete it. A rational juror could have just as readily inferred from that evidence that Kalabakas had entered the bike room. Stated somewhat differently, the evidence failed to establish that either defendant or Kalabakas was the mastermind of the plan to steal bicycles, and thus more likely to take on a greater role in carrying out the scheme. Simply, there was no rational basis for the jury to infer that Kalabakas or defendant, and not the other, was the person who unlawfully entered the bike room. Accordingly, the judgment should be reversed because the evidence at trial was legally insufficient. Concur—Mazzarelli, J.P., Catterson, Renwick and Freedman, JJ.

Saxe, J., dissents in a memorandum as follows: In my view, the verdict convicting defendant of burglary in the second degree was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The direct evidence that defendant was seen on the building security camera carrying the black bag containing a stolen bicycle down the hallway leading to the street clearly permitted the inference that was apparently drawn by the jury, namely, that it was defendant who unlawfully entered the building's bicycle storage room and removed the bicycle.

As the majority observes, the standard of review in determining the sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime had been proved beyond a reasonable doubt (*People v Rossey*, 89 NY2d 970, 971 [1997]). Here, the highly reliable evidence showing that defendant carried the stolen bicycle out of the building could prompt a rational trier of fact to conclude beyond a reasonable doubt that defendant had also removed that bicycle from the storage room.

Defendant's suggestion that it might have been his coworker who took the first step of unlawfully removing the bicycle from the storage room, while possible, is not, in my view, an equally likely scenario, such as would preclude a finding against defendant beyond a reasonable doubt. The witness testimony that defendant's coworker later carried the bicycle from the van to another individual's apartment does not render it equally likely

that either of the two men could have been the one to take the bicycle out of the storage room, so as to necessarily create a reasonable doubt as to which man first took the bicycle. Moreover, it is quite possible that the witness's testimony could have been accorded less credence than that given by the jury to the videotape evidence, rendering an inference of defendant's guilt for the burglary far stronger. The nature of the evidence supporting some other inference simply did not eliminate the jury's ability to infer from the evidence that because defendant carried the bicycle the rest of the way to the van, it was he who initially removed it from the storage room.

Defendant failed to preserve any of his challenges to the court's response to a note from the deliberating jury that inquired about the legal status of a different part of the building, and in any event, the court gave a meaningful response to the jury's inquiry that correctly stated the law (*People v Almodovar*, 62 NY2d 126, 131 [1984]), and, in the context of the entire trial, it was made clear to the jury that the People had the burden of proving that defendant specifically entered the bicycle-storage room. I would therefore affirm the conviction. I would also reject defendant's ineffective assistance of counsel claim relating to this issue.