OPINION OF THE COURT
Alan C. Marin, J.
The defendant State of New York moves to dismiss Kenneth Albright’s claim brought for unjust conviction and imprisonment (Court of Claims Act § 8-b) and for violations of his federal and state constitutional rights. The defendant argues that the claim fails to comply with the pleading requirements of subdivisions (3) and (4) of Court of Claims Act § 8-b, and fails to state a constitutional cause of action. Mr. Albright cross-moves to *857 amend his claim to annex the following documents: the transcript from his criminal trial, the First Department’s decision reversing his conviction, and his certificate of incarceration from the State Department of Correctional Services.[1]
On August 3, 2006, Albright and a coworker were servicing the air conditioning in a doctor’s office on the first floor of an apartment building on the west side of Manhattan. They needed to go to the basement, where they were authorized to enter the pump room, but not the room where tenants stored their bicycles.
At some point, the building superintendent saw Albright leaving the building with a large black bag. Suspicious, he went down to the pump room and saw claimant and another worker, Vasilios Kalabakas, loading a bicycle into another black bag. He then checked the bicycle room and saw that two bikes were missing.
Albright was arrested and indicted for second- and third-degree burglary.[2] He was tried before a jury, convicted of burglary in the second degree on April 10, 2007 and sentenced to five years of imprisonment.
His conviction was reversed by the First Department on February 26, 2009 and his indictment dismissed on the grounds that claimant’s conviction was not supported by sufficient evidence. (People v Albright, 59 AD3d 336 [2009].) He was immediately released from state prison after serving almost two years.
Subdivision (3) of Court of Claims Act § 8-b requires that a claimant must establish by documentary evidence that he was convicted of a crime, sentenced to a term of imprisonment, actually served time, and finally, that his conviction was reversed or vacated on one of the enumerated statutory grounds. Mr. Al-bright attached no such documentation to his claim, but it might well be noted that such information is contained in the First Department’s decision, except for the fact of his serving part of his sentence.
In any event, failure to initially attach such required documentation is not a jurisdictional defect and claimant may amend his claim as requested. “That the documentation was not annexed to the claim itself is not dispositive.” (Fowler v *858 State of New York, Ct Cl, Dec. 3, 2009, Marin, J., claim No. 115609, motion No. M-76951, UID No. 2009-016-064 [unreported], affd 81 AD3d 495 [1st Dept 2011]; cf. Acosta v State of New York, 270 AD2d 164 [1st Dept 2000]; Harris v State of New York, 38 AD3d 144 [2d Dept 2007].) I find that with the documents Albright seeks to annex to his claim, he satisfies paragraphs (a) and (b) of Court of Claims Act § 8-b (3) (although submission of a copy of claimant’s case in the Appellate Division is of course unnecessary).
Subdivision (4) of section 8-b provides in relevant part that “[t]he claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial” in proving that he did not commit any of the acts charged and that he did not by his own conduct bring about his conviction.
The Court of Appeals has made clear that a motion to dismiss under subdivision (4) is to be treated in the same manner as a motion to dismiss under CPLR 3211 — the court must accept as true the facts alleged in the claim, and if sufficiently detailed, claimant is entitled to an opportunity to prove such at trial. (Warney v State of New York, 16 NY3d 428 [2011].)
Albright had been indicted for burglary, not larceny, and a necessary element of burglary, unlike larceny,[3] is entering a place where one is not permitted to be. As noted, Albright was authorized to be in the pump room, but not the bicycle room. As set forth below, the appellate court concluded that there was insufficient evidence to prove that he had unlawfully entered the bicycle room.
The basement had a security camera that did not show the entrances to the bicycle and pump rooms. The camera did show Albright carrying a black bag down the hallway towards the exit. After leaving the building, Albright and Kalabakas went to the apartment of a woman they both knew, who testified at trial that Kalabakas carried a bag into her apartment and placed it on the terrace. After setting out the facts above, the First Department stated:
“In this case, while the evidence may have established that defendant committed larceny by moving one bicycle from the pump room to his work van, a rational jury could not have found beyond a reason *859 able doubt that defendant entered the bicycle room, because the evidence just as fully supports the alternative theory that only Kalabakas . . . entered the room and moved the bicycles into the pump room before defendant moved one into the van.” (59 AD3d at 337.)
In terms of stating facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that he did not commit any of the acts charged, Mr. Albright’s claim asserts that
“[0]n or about August 3, 2006 Claimant was authorized and permitted to be at the premises to perform work he was employed to do and more particularly, to be in the ‘pump room’ thereat. . . Claimant was at the premises and did not enter any portions thereof he was not permitted and otherwise authorized to enter, such as the ‘bike room’ ... by reason of the above facts, Claimant did not commit a ‘burglary’ as that term is defined in the Penal Law . . . Claimant did not commit any of the acts set forth under [the] Indictment.” (Claim 111111-14.)
As for item (b) of Court of Claims Act § 8-b (4), which requires that the claim be sufficiently detailed to permit the court to find that claimant is likely to be able to prove at trial that he did not by his own conduct bring about his conviction, the claim states that “[c]laimant . . . did not cause or bring about the unlawful charges, arrest and incarceration set forth herein.” (Claim U 16.) While the claim is arguably conclusory on item (b), given that defendant has advanced no theory in its motion papers as to how claimant might have brought about his own conviction, the claim at this stage is sufficient per Warney {supra).
In sum, the allegations in Albright’s claim satisfy the pleading requirements of Court of Claims Act § 8-b (4), and claimant is thus, “entitled to an opportunity to prove the allegations at trial [per] Court of Claims Act § 8-b [5].” (Claim 1116.)
Claimant does not address defendant’s argument that he fails to state a cause of action for violations of either the United States Constitution or the New York State Constitution (although in his proposed amended claim, he deletes any reference to the United States Constitution). In any event, the Court of Claims has no jurisdiction over claims alleging violations of the United States Constitution. (Brown v State of New York, 89 NY2d 172 [1996].) *860 As to a State constitutional cause of action under Brown, in Martinez v City of Schenectady (97 NY2d 78, 83 [2001]), the Court of Appeals described such cause of action as a narrow remedy addressing two interests: “the private interest that citizens harmed by constitutional violations have an avenue of redress, and the public interest that future violations be deterred.” The facts of this case do not fall within the protection of Brown. Moreover, “a private right of action for a violation of the NY Constitution is unavailable where an alternative remedy ... for damages . . . exists.” (Waxter v State of New York, 33 AD3d 1180, 1181 [3d Dept 2006] [citations omitted].) Here, claimant has an alternative remedy for damages via his Court of Claims Act § 8-b cause of action.
Accordingly, having reviewed the submissions,[4] it is ordered that motion No. M-77510 be granted to the extent that claimant’s second cause of action alleging violations of the United States Constitution and the New York State Constitution shall be dismissed, and such motion shall otherwise be denied; and it is further ordered that cross motion No. CM-78065 be granted to the extent that within 45 days of the filing of this decision and order, claimant shall serve and file the proposed amended claim annexed to his cross motion papers, deleting the second cause of action alleging violations of the New York State Constitution, and adding as an exhibit a copy of claimant’s indictment.

. Now the Department of Corrections and Community Supervision.

. The First Department notes that Kalabakas, “was charged but not indicted.” (People v Albright, 59 AD3d 336, 337 [2009].)

. Compare Penal Law §§ 140.25, 140.20 (burglary in the second degree and burglary in the third degree, respectively) with Penal Law § 155.05 (larceny; defined).

. The following were reviewed: defendant’s notice of motion with affirmation in support and exhibits A and B; claimant’s affirmation in opposition with exhibits 1 through 3; claimant’s notice of cross motion with exhibits 1 through 3 and subexhibits A through C; defendant’s affirmation in opposition to the cross motion; and a copy of claimant’s indictment, which claimant’s counsel sent in response to a request made by the court to the parties after these motions had been briefed.