# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1257

KA 11-01992

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JOHN W. MYERS, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 23, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, criminal mischief in the third degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25), defendant contends that the conviction is not supported by legally sufficient evidence. We reject that contention. Initially, we conclude that defendant failed to preserve for our review his contention that the petit larceny and burglary convictions are not supported by legally sufficient evidence that property was stolen or that he intended to commit a crime, respectively, because his motion for a trial order of dismissal was not specifically directed at those issues (*see People v Gray*, 86 NY2d 10, 19). In any event, we conclude that the evidence is legally sufficient to support the conviction with respect to all of the charges (*see generally People v Bleakley*, 69 NY2d 490, 495). Based upon all the evidence at trial, including the circumstantial evidence that the church's collection boxes had recently been forcibly opened and were empty and that there was a single track of footprints in the snow leading from defendant's vehicle to the crime scene and then back to defendant, a rational trier of fact could determine that the elements of the crimes were proven beyond a reasonable doubt (*see generally People v Rossey*, 89 NY2d 970, 971-972). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see*

*generally Bleakley*, 69 NY2d at 495).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court