■ HUMBERTO ACOSTA, Respondent, v STATE OF NEW YORK, Appellant. [704 NYS2d 594] —Order, Court of Claims of the State of New York, New York County (S. Michael Nadel, J.), entered on or about March 31, 1999, which, in an action under the Unjust Conviction and Imprisonment Act of 1984 (Court of Claims Act § 8-b), granted claimant's motion to vacate a prior order, same court and Judge, *sua sponte* dismissing the claim pursuant to Court of Claims Act § 8-b (4) on the ground that claimant was not likely to succeed at trial, and restored the claim, unanimously affirmed, without costs.

Where claimant's ultimate submission satisfied the factual showing required by Court of Claims Act § 8-b (4), the court's grant of what it correctly considered to be a motion for renewal (*see, Framapac Delicatessen v Aetna Cas. & Sur. Co.*, 249 AD2d 36) comports with the strong public policy in favor of resolving cases on the merits (*see, supra*), while simultaneously protecting against baseless claims of unjust conviction and imprisonment (*see, Reed v State of New York*, 78 NY2d 1, 11-12). Defendant fails to show any prejudice attributable to the delay caused by claimant's failure to make such factual showing earlier in response to the court's *sua sponte* invitation to his attorney to do so (*see, Diaz v New York Downtown Hosp.*, 262 AD2d 62). There is no merit to defendant's argument that in granting renewal and vacating its prior order the court permitted claimant to amend a jurisdictionally defective claim. The motion sought an amendment remedying a pleading deficiency, not one curing a jurisdictional defect relating to the notice of claim requirements of Court of Claims Act §§ 10 and 11 (*see, Cannon v State of New York*, 163 Misc 2d 623, 626). Claimant, having satisfied such jurisdictional requirements, is not to be precluded from repleading his claim so as to have it comply with the pleading requirements of section 8-b (4) (*see, supra*, at 628). Concur—Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.