■ AMINE BABA-ALI, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 87328.) [799 NYS2d 101]—

In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from so much of an order of the Court of Claims (Nadel, J.), dated November 3, 2003, as denied his cross motion for summary judgment on the issue of liability, and the defendant cross-appeals from so much of the same order as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the claim for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, and the cross motion is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent-appellant.

During "an extremely unpleasant and highly bitter divorce and custody battle," (*People v Baba-Ali*, 179 AD2d 725 [1992]) the claimant was accused by his estranged wife of raping and sexually abusing his then four-year-old daughter. By judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 5, 1989, the claimant was convicted of two counts of rape in the first degree, two counts of sodomy in the first degree, four counts of sexual abuse in the first degree, two counts of incest, and three counts of endangering the welfare of a child for acts involving his daughter. The judgment was reversed by this Court, and a new trial was ordered on the grounds that the claimant was denied effective assistance of counsel, and the People committed prosecutorial misconduct by knowingly withholding, until the eve of trial, medical records which tended to exonerate him (*see People v Baba-Ali, supra*). The claimant was never retried. Instead, at the request of the People, the Supreme Court dismissed the indictment. Thereafter, the claimant brought this claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b.

The Court of Claims properly denied the defendant's motion to dismiss the claim for failure to state a cause of action. Contrary to the defendant's contentions, the claim satisfied the pleading requirements of Court of Claims Act § 8-b (3) (b), as the reversal of the judgment and dismissal of the indictment were based on grounds set forth in the statute. The claimant demonstrated that this Court's reversal of his conviction was based, in part, on the ground that the judgment was procured by prosecutorial misconduct that was tantamount to fraud (*see* CPL 440.10 [1] [b]). The prosecutor's deliberate withholding of evidence which tended to exonerate the claimant constituted a "fraudulent act," which is "[c]onduct involving bad faith, [or] dishonesty," (Black's Law Dictionary 687 [8th ed 2004]), as well as a "fraud on the court," which is "a lawyer's . . . misconduct [in a judicial proceeding] so serious that it undermines . . . the integrity of the proceeding" (*id.* at 686). The claimant also demonstrated that the dismissal of the indictment, at the request of the People, was based, in part, on newly-discovered medical evidence (*see* CPL 440.10 [1] [g]).

The Court of Claims should have granted the claimant's cross motion for summary judgment on the issue of liability. The

claimant demonstrated his entitlement to judgment in his favor by presenting clear and convincing evidence that he met the requirements of the statute (*see* Court of Claims Act § 8-b [5]), including clear and convincing evidence of his innocence. At the claimant's criminal trial, his daughter did not specifically implicate him, and her pediatrician could not conclude with any degree of medical certainty that the she had been sexually abused (*see People v Baba-Ali, supra* at 726, 728). The only evidence of his guilt was the testimony of a Dr. Nadine Sabbagh, who found, inter alia, that the claimant's daughter was missing her hymen. However, this Court noted that her estimation of when the sexual abuse occurred was as consistent with the claimant's innocence as it was with his guilt (*see id.* at 728). The claimant introduced medical records of two examinations, conducted at the request of the child's mother about a week after the claimant's last contact with his daughter and before Dr. Sabbagh's examination of the child, indicating that no signs of sexual abuse were found and that the child's hymen was intact. These medical records, when considered in conjunction with a post-conviction medical examination of the child, conducted on behalf of the People, finding no evidence of the sexual abuse reported by Dr. Sabbagh and contradicting her conclusion that the child had no hymen, completely discredited her findings, the only evidence of the claimant's guilt. In opposition to the claimant's prima facie showing of entitlement to summary judgment, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563-564 [1980]). Schmidt, J.P., Adams and Skelos, JJ., concur.

Lifson, J., dissents and votes to affirm the order appealed from, with the following memorandum: Court of Claims Act § 8-b enumerates the potential claims that can be brought against the State including, inter alia, when a criminal conviction is reversed or vacated (Court of Claims Act § 8-b [3] [b] [ii]). The present claim asserts that the underlying conviction, which admittedly stemmed from false reports of sexual abuse by the claimant's former spouse, was reversed due to the ineffective assistance of counsel and the alleged purposeful misrepresentation and concealment of exculpatory evidence by the prosecutor.

In reversing the judgment of conviction in *People v Baba-Ali* (179 AD2d 725 [1992]), this Court concluded that the defendant received ineffective assistance of counsel. In reaching that determination we explicitly condemned what we perceived to be the misconduct of the prosecutor in withholding certain medical records (deemed sufficiently equivocal as to be of some utility to

the defendant) which were ordered to be forwarded to defense counsel. Although the prosecutor asserted that it only recently received the material in question and allegedly promptly turned it over to the defense, that issue cannot be revisited herein as it was previously determined adversely to the prosecutor. Nonetheless, the material in question was produced to the defense prior to trial and defense counsel never sought a continuance to digest such material. The failure to take the time to analyze the material may have impaired the defendant's ability to properly contest the charges. Thus, the principal basis of the prior reversal was the inexplicable conduct of the defense attorney in failing to adequately protect the defendant when confronted with the prejudicial actions of the prosecutor. Viewed in this light, the particular conduct of the prosecutor, in and of itself, cannot, as matter of law, be deemed a willful misrepresentation or a purposeful concealment of exculpatory evidence as envisioned to place liability upon the State via Court of Claims Act § 8-b.

Ineffective assistance of counsel is not a basis for relief under Court of Claims Act § 8-b (see *Britt v State of New York*, 260 AD2d 6 [1999]; *Coakley v State of New York*, 225 AD2d 477 [1996]). Whether or not the actions of the prosecutor alleged herein, viewed in the context of the other serious allegations of prosecutorial misconduct alleged in the notice of claim constituted sufficient grounds to expose the State to liability is an issue of fact to be determined by the jury. Moreover, since the initial prosecution was reversed for the sole purpose of having the matter retried and the underlying indictment was not dismissed by this Court, an issue of fact exists as to whether the subsequent dismissal of the indictment was caused by the prosecutor's discovery of new evidence that made a conviction unlikely.

Accordingly, in my view the order of the Court of Claims should be affirmed. I therefore respectfully dissent.