■ BRECO ENVIRONMENTAL CONTRACTORS, INC., Plaintiff, v TOWN OF SMITHTOWN, Defendant and Third-Party Plaintiff. R.E. PUSTERINO, P.C., Third-Party Defendant. (Action No. 1.) RUTTURA & SONS CONSTRUCTION COMPANY, Plaintiff, v BRECO ENVIRONMENTAL CONTRACTORS, INC., et al., Defendants. (Action No. 2.) TULLY ENVIRONMENTAL, INC., Plaintiff, v LIBERTY MUTUAL INSURANCE COMPANY, Defendant. (Action No. 3.) BRECO ENVIRONMENTAL CONTRACTORS, INC., Plaintiff, v TOWN OF SMITHTOWN, Defendant. (Action No. 4.) DURANTE BROS. CONSTRUCTION CORP., Plaintiff, v BRECO ENVIRONMENTAL CONTRACTORS, INC., Defendant. (Action No. 5.) BRECO ENVIRONMENTAL CONTRACTORS, INC., Respondent, v TOWN OF SMITHTOWN, Appellant. (Action No. 6.) BRECO ENVIRONMENTAL CONTRACTORS, INC., Plaintiff, v TOWN OF SMITHTOWN, Defendant. (Action No. 7.) [819 NYS2d 58]—

In seven related actions, inter alia, to recover damages for breach of contract, the Town of Smithtown, the defendant in action No. 6, appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated November 23, 2004, as denied its motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint in action No. 6 on the ground that the court lacked subject matter jurisdiction because the plaintiff failed to serve a properly verified notice of claim in accordance with Town Law § 65 (3).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Town of Smithtown moved pursuant to CPLR 3211 (a) (2) to dismiss the complaint in action No. 6 on the ground that the court lacked subject matter jurisdiction because the plaintiff failed to serve a properly verified notice of claim in accordance with Town Law § 65 (3). Contrary to the determination of the Supreme Court, there is a triable issue of fact as to whether the verification of the plaintiff's notice of claim was invalid (*see Breco Envtl. Contrs., Inc. v Town of Smithtown*, 31 AD3d 359 [2006] [decided herewith]). In any event, the Supreme Court correctly determined that the rule enunciated by the Court of Appeals in *Lepkowski v State of New York* (1 NY3d 201 [2003]) required denial of the Town's motion. Civil divisions of the State have no independent sovereignty (*see Bernardine v City of New York*, 294 NY 361, 365 [1945]). The State's waiver of sovereign immunity in section 8 of the Court of Claims Act extends to its subdivisions, even if no separate statute sanctions that enlarged liability in a given instance (*see Bernardine v City of New York, supra*).

The State's waiver of sovereign immunity is limited only by the procedure described in article II of the Court of Claims Act (*see Bernardine v City of New York, supra*) and those conditions upon the waiver are as equally applicable to the Town to the State itself, despite the existence of the Town Law (*see Becker v City of New York*, 2 NY2d 226, 235 [1957]; *see also Krohn v New York City Police Dept.*, 2 NY3d 329, 335 n 4 [2004]; *Pelaez v Seide*, 2 NY3d 186, 198 n 6 [2004]).

Therefore, *Lepkowski v State of New York (supra)*, is as ap-

plicable to defectively verified notices of claim directed to towns as it is to those directed to the State (*see Becker v City of New York, supra*). The Town does not retain sovereign immunity from liability because of a defectively verified notice of claim unless it complies with the remedy in CPLR 3022, which it does not claim to have done here. Thus, the Supreme Court properly denied the Town's motion based on lack of subject matter jurisdiction.

Since the Town appealed from only that portion of the order which denied its motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint in action No. 6, its remaining contention is beyond the scope of our review (*see* CPLR 5515 [1]; *Joslin v Lopez*, 309 AD2d 837 [2003]; *Cardinal Holdings v Chandre Corp.*, 302 AD2d 550 [2003]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.