[828 NYS2d 463]

Gerald Harris, Appellant, v State of New York, Respondent.

Second Department, January 16, 2007

### APPEARANCES OF COUNSEL

*Seth E. Coen, P.C.*, Brooklyn (*William E. Hellerstein* of counsel), for appellant.

*Andrew M. Cuomo, Attorney General*, Albany (*Patrick Barnett-Mulligan* and *Frank K. Walsh* of counsel), for respondent.

### OPINION OF THE COURT

PRUDENTI, P.J.

This appeal requires us to determine whether a claim seeking damages from the State of New York for unjust conviction and imprisonment satisfied the pleading requirements of, and stated a cause of action under, Court of Claims Act § 8-b, and if so, whether the claimant was entitled to summary judgment on the issue of liability. We answer these questions in the affirmative.

In December 1991 two individuals were robbed at gunpoint by three men, while a fourth man waited in a getaway car. One month later, the claimant, Gerald Harris, was arrested in connection with the robbery, and the complaining witnesses selected him from a lineup. At his jury trial in the Supreme Court, Queens County, the claimant, a 24-year-old amateur boxer about to embark on a professional career, testified that he was at home at the time of the robbery, and his alibi was corroborated by another witness. During the trial, the court received a letter from Harold Harris (hereinafter Harold), the claimant's brother, which stated that Harold, and not the claimant, had participated in the robbery. The letter stated that Harold would turn himself in upon finding an attorney to represent him. The trial, however, continued without any further contact from Harold, and the claimant was convicted of two counts of robbery in the first degree and two counts of robbery in the second degree.

Prior to sentencing, the claimant moved pursuant to CPL 330.30 to set aside the verdict, based on newly discovered evidence. In support of the motion, Harold submitted an affidavit stating that he had committed the robbery together with Harris Dockery, Ian Davis, and Jonathan Johnson, and that the claimant was not involved in the crime. The trial court scheduled a hearing on the motion in December 1992, and an attorney representing Harold appeared in court and stated on the record that Harold had traveled to New York from South Carolina, was present in the courtroom, and was prepared to admit his involvement in the robbery and exculpate the claimant. The court, however, adjourned the matter without hearing Harold's testimony because neither the claimant's attorney nor the trial prosecutor was present in court that day. Harold returned to South Carolina, missed the next court appearance, and was then arrested and imprisoned in South Carolina for an unrelated crime. Thus, Harold did not testify at the CPL 330.30 hearing, and the trial court denied the claimant's motion to set aside the verdict.

In April 1993 the claimant was sentenced to an aggregate prison term of 9 to 18 years. This Court affirmed the claimant's conviction (*see People v Harris*, 224 AD2d 711 [1996]), and the Court of Appeals denied the claimant's application for leave to appeal (*see People v Harris*, 88 NY2d 936 [1996]).

In October 2000 the claimant moved to vacate the judgment of conviction pursuant to CPL 440.10 "on the grounds of newly discovered evidence which evidence establishes clearly that he is innocent of the crimes for which he stands convicted." As the trial court noted, the People had become "active[ly] involve[d] in the re-investigation of this case," and they consented to a hearing on the motion, pursuant to CPL 440.30 (5).

At the hearing, Justice Randall T. Eng, who had presided at the claimant's criminal trial, heard testimony from Harold, Ian Davis, and Harris Dockery, all of whom testified that they had committed the robbery and that the claimant was not involved in the crime. During his testimony, Harold noted that he and the claimant were the same height and approximately the same weight, and that he and the claimant were separated in age by only two years. Lieutenant Stanley Carpenter, an investigator with 37 years of law enforcement experience who was employed by the Queens County District Attorney's office, testified at the hearing, and was qualified by the court as an expert in the investigation of "particularly difficult problem case[s] which

involve[] an alleged wrong man situation." Lieutenant Carpenter testified that he had conducted a reinvestigation in this case, including interviews with the claimant, Harold, Davis and Dockery, and had "formed a strong opinion of [the claimant's] innocence." Lieutenant Carpenter also noted that the claimant and Harold "look alike physically and facially." In addition, the claimant himself took the stand at the hearing and testified that he did not commit the crime of which he was convicted.

The People joined in the claimant's motion to vacate the judgment of conviction. Indeed, the prosecutor actively participated in eliciting testimony favorable to the claimant and argued in support of the motion.

In December 2000 Justice Eng granted the claimant's motion and vacated the judgment of conviction. As a result, the claimant was released from prison after being incarcerated for more than eight years.

In rendering its decision on the motion, the court noted: "The grounds raised in this proceeding are on the basis of newly discovered evidence, specifically it is claimed that new evidence has been discovered since a judgment of conviction which could not have been produced by the defendant at trial even with due diligence on his part." The court further indicated that the claimant had moved to dismiss the indictment in the interest of justice, pursuant to CPL 210.20 (1) (i) and 210.40, and that the motion was granted.

In March 2002 the claimant filed a claim in the Court of Claims, seeking relief under the Unjust Conviction and Imprisonment Act (Court of Claims Act § 8-b). The claim alleged, and documents attached to the claim demonstrated, that the claimant was convicted of felony offenses, that he was sentenced to a term of imprisonment, that he had served part of the sentence (2,962 days), that his judgment of conviction was vacated pursuant to CPL 440.10 and the indictment dismissed in furtherance of justice, and that the claim was not time-barred.

The State moved to dismiss the claim, arguing that the claim failed to specify which subdivision of CPL 440.10 was the basis of the order vacating the judgment of conviction and dismissing the indictment, and that the claim failed to state a cause of action because the indictment had been dismissed in furtherance of justice, pursuant to CPL 210.20 (1) (i) and 210.40, which is not among the grounds enumerated in Court of Claims Act § 8-b. In support of its motion, the State submitted, inter alia, the

minutes of the proceeding at which Justice Eng rendered his decision on the claimant's 440.10 motion, expressly noting that "[t]he grounds raised in this proceeding are on the basis of newly discovered evidence."

The claimant cross-moved for leave to amend the claim and for summary judgment on the issue of liability. Appended to the claimant's motion papers was a proposed amended claim, which alleged, and demonstrated through attached documents, that the conviction was vacated pursuant to CPL 440.10 (1) (g) (newly discovered evidence). Among the attached documents was the entire transcript of the CPL 440.30 hearing.

The Court of Claims granted the State's motion to dismiss the claim. The court reasoned that the claim was defective in that it "failed to allege that the vacatur of the judgment of conviction and the dismissal of the indictment were pursuant to one of the enumerated grounds" set forth in Court of Claims Act § 8-b (3) (b) (ii), and that the claimant was not entitled to amend his claim because the defect was "jurisdictional." The court further concluded that, had it reached the issue, it would have also denied that branch of the claimant's motion which was for summary judgment on the issue of liability.

The claimant appeals. We reverse, and hold that the claim stated a cause of action and was not jurisdictionally defective, and that the claimant was entitled to summary judgment on the issue of liability.

## I.

The Unjust Conviction and Imprisonment Act authorizes "[a]ny person convicted and subsequently imprisoned for one or more felonies or misdemeanors against the state which he did not commit" to present a claim for damages against the State (Court of Claims Act § 8-b [2]). Before describing the allegations required to appear in the claim (see Court of Claims Act § 8-b [4]) and the facts which must ultimately be proved in order to obtain relief (see Court of Claims Act § 8-b [5]), the statute provides that the claimant must make a preliminary showing of certain facts:

> "In order to present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that:

> "(a) he has been convicted of [a crime and] sentenced to a term of imprisonment, and has served all or any part of the sentence; and

"(b) . . . (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed . . . provided that the judgment of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of [CPL] section 440.10 . . . ; and

"(c) his claim is not time-barred" (Court of Claims Act § 8-b [3]).

The claim originally served and filed by the claimant in this case did not specify the particular paragraph of CPL 440.10 (1) pursuant to which his conviction was vacated, and was not accompanied by any document identifying the relevant statutory paragraph. Assuming, without deciding, that the detailed statement of facts set forth in the verified claim was insufficient to notify the State that the vacatur of the conviction was based on CPL 440.10 (1) (g) (newly discovered evidence), this defect was readily curable by the submission of an amended pleading accompanied by documentation identifying subdivision (1) (g) as the basis upon which the conviction was vacated. Indeed, the State, anticipating that the claimant would provide documentation demonstrating the ground for the vacatur in response to the State's motion to dismiss the claim, itself submitted the requisite documentation with its motion papers.

The State cites no pertinent authority for its assertion that the omission of the designation "(1) (g)" from a claim's citation to CPL 440.10 constitutes a "jurisdictional" defect that cannot be cured by an amended claim. It is true that the time limitations and service requirements set forth in Court of Claims Act §§ 10 and 11 have been referred to as "jurisdictional" (*see Manshul Constr. Corp. v State Ins. Fund,* 118 AD2d 983 [1986]; *Lurie v State of New York,* 73 AD2d 1006 [1980], *affd* 52 NY2d 849 [1981]). Moreover, the Court of Appeals held in *Long v State of New York* (7 NY3d 269 [2006]) that, in light of the provision in Court of Claims Act § 8-b (4) that "[t]he claim shall be verified by the claimant," the failure of the claimant in that case to personally verify his claim "mandate[d] its dismissal" (*Long v State of New York, supra* at 276). We do not, however, read these decisions as requiring a conclusion that the preliminary proof requirements of Court of Claims Act § 8-b (3) are jurisdictional in nature, such that imperfect compliance therewith is not curable by amendment of the claim.

Although, under Court of Claims Act § 8-b (3) (b) (ii), the vacatur of the conviction on an enumerated ground is a prereq-

uisite to a claim to recover damages for unjust conviction and imprisonment, the failure to submit a document demonstrating that fact is a waivable defect (*see Fudger v State of New York*, 131 AD2d 136, 138-139 [1987]). It is the existence of the fact, as opposed to the documentation of the fact, that is a " 'statutory requirement[] conditioning suit' " (*Long v State of New York, supra* at 276, quoting *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]; *see Manshul Constr. Corp. v State Ins. Fund, supra* at 985 [since claimant did not satisfy "statutory condition precedent" of serving upon defendant the default judgment sued upon, "the claim was a nullity" and "jurisdictionally defective," and therefore was "not amenable to amendment"]). For example, in *Stewart v State of New York* (133 AD2d 112 [1987]), although the Court held that dismissal of the claim was required due to, among other factors, the claimant's failure to identify the ground on which the indictment was dismissed, the Court noted: "Significantly, on this record, it cannot be determined whether the accusatory instrument was dismissed on any one of the limited grounds enumerated under Court of Claims Act § 8-b (3) (b)" (*Stewart v State of New York, supra* at 113). In the present case, by contrast, it is clear from the record, and was obvious to the State, that the claimant's conviction was vacated on the basis of newly discovered evidence.

Thus, the claim in this case was not "jurisdictionally defective," and the claimant's request to amend the claim was subject to the general rule that leave to amend a pleading should be "freely given" in the absence of prejudice or unfair surprise to the nonmoving party (CPLR 3025 [b]; *see Bastian v State of New York*, 8 AD3d 764, 765 [2004]). Accordingly, instead of dismissing the claim for failing to explicitly identify CPL 440.10 (1) (g) as the statutory ground upon which the judgment of conviction was vacated, the Court of Claims should have granted that branch of the claimant's cross motion which was for leave to serve and file an amended claim curing the technical defect (*cf. Acosta v State of New York*, 270 AD2d 164, 165 [2000] [Court of Claims did not err in vacating prior order dismissing claim that failed to comply with requirement of Court of Claims Act § 8-b (4) that a claim for unjust conviction and imprisonment contain detailed statement of certain facts, since motion to vacate "sought an amendment remedying a pleading deficiency, not one curing a jurisdictional defect relating to the notice of claim requirements of Court of Claims Act §§ 10 and 11"]).

## II.

As noted above, the Court of Claims Act requires a claimant to show that "the judgement of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds" (Court of Claims Act § 8-b [3] [b] [ii]). Clearly, the claimant's judgment of conviction was vacated pursuant to CPL 440.10 (1) (g), based on newly discovered evidence, which is one of the grounds enumerated in the statute. In its brief, however, the State contends that the claimant failed to state a claim because the indictment was dismissed pursuant to CPL 210.20 (1) (i) and 210.40, in furtherance of justice, which is not a ground enumerated in the statute. As the State acknowledged at oral argument, this argument was recently rejected by the Court of Appeals (*see Long v State of New York, supra*). Under circumstances in all material respects identical to those of this case, the Court of Appeals held in *Long* that, although Court of Claims Act § 8-b, read literally, seems to require that both the vacatur of the conviction and the dismissal of the indictment be based on an enumerated ground, such an interpretation is "unworkable" (*Long v State of New York, supra* at 274), since the dismissal of an indictment is never actually based on CPL 440.10 (1), and when a new trial is granted, such a dismissal must be based upon a different statute altogether (*see* CPL 170.30, 170.50, 210.20). Accordingly, the Court of Appeals concluded that "a claim satisfies the statutory criteria if the claimant establishes that the judgment of conviction was vacated under one of the specified grounds in Court of Claims Act § 8-b (3) (b) (ii), regardless of the basis for the dismissal of the accusatory instrument" (*Long v State of New York, supra* at 275).

In this case, the claimant's judgment of conviction was vacated based on newly discovered evidence, which is a ground enumerated in Court of Claims Act § 8-b (3) (b) (ii). Thus, the claim states a cause of action, regardless of the basis for the dismissal of the indictment.

## III.

The Court of Claims Act provides that a claimant must make a four-part showing to recover damages for unjust conviction and imprisonment:

> "In order to obtain a judgment in his favor, claimant must prove by clear and convincing evidence that:

"(a) he has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and

"(b) . . . (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed . . . on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law; . . . and

"(c) he did not commit any of the acts charged in the accusatory instrument . . . and

"(d) he did not by his own conduct cause or bring about his conviction" (Court of Claims Act § 8-b [5]).

The claimant unquestionably submitted evidence in support of that branch of his cross motion which was for summary judgment demonstrating that he was convicted of a crime, that he was sentenced and served part of the sentence, and that his conviction was vacated on a ground enumerated in the statute, i.e., newly discovered evidence. Moreover, the evidence showed that the claimant's conviction was attributable solely to the complaining witnesses' apparent misidentification of him as one of the robbers, and was not caused or brought about by any confession or trial strategy of the claimant. At trial, the claimant raised an alibi defense, which, through no fault of the claimant, the jury rejected (cf. O'Donnell v State of New York, 26 AD3d 59 [2005] [claimant may cause or bring about his or her conviction by proffering a false alibi, thus supplying evidence of consciousness of guilt]).

The remaining showing to be made by the claimant, his innocence, is the "linchpin" of a cause of action for unjust conviction and imprisonment (Ivey v State of New York, 80 NY2d 474, 479 [1992]). The evidence offered by the claimant on the issue of innocence consisted mainly of the full transcript of the CPL 440.30 hearing which resulted in the vacatur of the judgment of conviction and the dismissal of the indictment. At the hearing, Justice Eng, who had presided at the claimant's criminal trial, his CPL 330.30 motion, and his sentencing, heard testimony from Harold (who was still subject to punishment for the robbery) and two accomplices, as well as the claimant, each of whom provided unequivocal direct evidence of the claimant's innocence. The hearing evidence also included the expert

testimony of the District Attorney's investigator, who, based on his reinvestigation, was firmly convinced of the claimant's innocence. In addition, the attorney who accompanied Harold to court prior to the claimant's sentencing testified that Harold was fully prepared, against the attorney's advice, to turn himself in at that time and accept responsibility for the robbery.

The testimony of these witnesses was sufficient to make a prima facie showing of clear and convincing evidence that the claimant did not commit the offense of which he was convicted (*see* Court of Claims Act § 8-b [5] [c]). Although, in granting the claimant's motion to vacate the judgment of conviction, Justice Eng was required to find only that the claimant established, by a preponderance of the evidence, that the newly discovered evidence would have changed the outcome of the trial (*see* CPL 440.30 [6]), the prosecutor argued at the conclusion of the hearing that the evidence of the claimant's innocence adduced at the hearing "passes [the preponderance] standard and then some." The prosecutor was correct; the hearing evidence exceeded the preponderance threshold, and rose to the clear and convincing level (*see Baba-Ali v State of New York,* 20 AD3d 376 [2005]).

Thus, the claimant made a prima facie showing, by clear and convincing evidence, that he was convicted of a crime, was sentenced, and served part of the sentence (*see* Court of Claims Act § 8-b [5] [a]), that his conviction was vacated on a ground enumerated in the statute (*see* Court of Claims Act § 8-b [5] [b] [ii] [A]), that he "did not by his own conduct cause or bring about his conviction" (Court of Claims Act § 8-b [5] [d]), and that he "did not commit any of the acts charged in the accusatory instrument" (Court of Claims Act § 8-b [5] [c]). He thereby met his burden of establishing his entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Baba-Ali v State of New York, supra; Coakley v State of New York,* 225 AD2d 477 [1996]).

In response, the State failed to raise a triable issue of fact. Indeed, the State presented no evidence in opposition to the claimant's cross motion for summary judgment, and does not even seriously contend that any triable issue of fact exists. Instead, the State argues that it should be excused from demonstrating the existence of a triable issue, because, as an entity that was not involved in the claimant's criminal prosecution, it lacks personal knowledge of the relevant facts. We reject this contention. The State cites no authority for the proposition that the normal rules governing summary judgment motions do not apply to a party lacking personal knowledge of the operative

facts, and that such a party need not make any effort to ascertain those facts, through discovery or otherwise.

Accordingly, the Court of Claims should have granted that branch of the claimant's cross motion which was for summary judgment on the issue of liability.

The State's remaining contentions are without merit.

For the foregoing reasons, we reverse the order, on the law, deny the motion, grant the cross motion, deem the amended claim served, and remit the matter to the Court of Claims for a determination of damages pursuant to Court of Claims Act § 8-b (6) and for the entry of an appropriate judgment in favor of the claimant and against the defendant.

MASTRO, FISHER and LUNN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, the amended claim is deemed served, and the matter is remitted to the Court of Claims for a determination of damages pursuant to Court of Claims Act § 8-b (6) and for the entry of an appropriate judgment in favor of the claimant and against the defendant.