■ Mazur Brothers Realty, LLC, Appellant, v State of New York, Respondent. [12 NYS3d 565]—

In a claim, inter alia, to recover damages for the appropriation of certain temporary easements, the claimant appeals from an order of the Court of Claims (Scuccimarra, J.), dated November 12, 2013, which, inter alia, granted the defendant's cross motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

The claimant commenced this claim against the State of New

York to recover damages resulting from the appropriation and extended use of certain temporary easements. Thereafter, the Attorney General's office determined that there were potentially conflicting claims with regard to any money owed as the result of the State's extended use of the temporary easements. As such, upon request, and in accordance with the Eminent Domain Procedure Law, the New York State Comptroller deposited the money allegedly owed as the result of the State's extended use of the temporary easements in a special interest-bearing account (*see* EDPL 304 [E] [1]). Although the claimant continued to pursue the instant claim, it also commenced a special proceeding pursuant to EDPL 304 (E) (1) and Court of Claims Act § 23, seeking an order of distribution regarding the funds deposited (*see Matter of Mazur Bros. Realty, LLC v State of New York*, 130 AD3d 830 [2015] [decided herewith]).

In the order appealed from, the Court of Claims granted the defendant's cross motion for summary judgment dismissing the claim. Among other things, the Court of Claims noted that "the remedy for claimant lies in a special distribution proceeding, a fact it seems to have recognized by commencing such a proceeding in any event." The claimant appeals, and we affirm.

EDPL 304 (E) (1), which was enacted to address precisely the issue presented by this matter, provides that when the Attorney General determines that there is a conflict with regard to the person or persons legally entitled to receive payment for the value of property acquired by the State through the power of eminent domain, he or she shall request the Comptroller to deposit the funds in an interest-bearing account "to be distributed as ordered by the Court of Claims on application of any person claiming an interest in the amount" (EDPL 304 [E] [1]). The statute further provides that the procedure to be employed in connection with such an application "shall be the same as provided in [Court of Claims Act § 23]," and that "[n]o judgment of distribution shall be made unless the court shall first obtain personal jurisdiction over all persons certified by the attorney general as having or claiming to have an interest in the fund" (EDPL 304 [E] [1]).

The claimant argues, in effect, that Mazur Brothers, Inc. (hereinafter MBI), an entity that the Attorney General has determined has a possible interest in the subject proceeds, does not in fact have any such interest and that, therefore, the claimant was under no obligation to join MBI as a party to this claim. In advancing this argument, however, the claimant essentially asked the Court of Claims to assume the very fact that is the ultimate fact that must be proven, namely, that

MBI has no interest in the money deposited by the Comptroller. Without jurisdiction over MBI, it would have been improper for the Court of Claims to grant the relief requested by the claimant in connection with this claim. Indeed, as the claimant appears to have recognized, its remedy, under these circumstances, lies in a special distribution proceeding pursuant to EDPL 304 (*see* EDPL 304 [E] [1]; *Shields v State*, Ct Cl, Sept. 21, 2006, Schaewe, J., claim No. 111021, UID No. 2006-044-501; *Weiser v State*, Ct Cl, Sept. 20, 2006, Schweitzer, J., claim No. 108442, UID No. 2006-036-562; *see also Matter of Mazur Bros. Realty, LLC v State of New York*, 69 AD3d 726, 728 [2010]).

Accordingly, the Court of Claims did not err in awarding summary judgment to the State dismissing the claim. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.