■ In the Matter of MAZUR BROTHERS REALTY, LLC, Appellant, v STATE OF NEW YORK, Respondent. [12 NYS3d 566]—

In a special proceeding for the distribution of money pursuant to EDPL 304 (E) (1) and Court of Claims Act § 23, the petitioner appeals from an order of the Court of Claims (Ruderman, J.), dated November 13, 2013, which dismissed the petition for lack of subject matter jurisdiction.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Court of Claims for further proceedings on the petition in accordance herewith.

The petitioner seeks to recover certain money allegedly owed from New York State's appropriation and extended use of certain temporary easements over its property. In accordance with the Eminent Domain Procedure Law, after the Attorney General determined that there was or might be a conflict with regard to the money allegedly owed as a result of the extended use of these temporary easements, the funds were deposited by the New York State Comptroller into a special interest-bearing eminent domain account (see EDPL 304 [E] [1]). Upon receiving notice of this deposit, the petitioner commenced this special proceeding for the distribution of the money pursuant to EDPL 304 (E) (1) and Court of Claims Act § 23. The State promptly rejected the petition, noting that it was served without a proper verification. Within days, the petitioner provided the missing verification. The Court of Claims, however, dismissed the petition, concluding, inter alia, that the failure to comply with the statutory provisions requiring verification constituted a jurisdictional defect that mandated dismissal, without consideration of the merits. The petitioner appeals, and we reverse.

While the time limitations and service requirements set forth in Court of Claims Act §§ 10 and 11 have been referred to as "jurisdictional" (see Harris v State of New York, 38 AD3d 144, 149 [2007]), the instant matter concerns a special proceeding

pursuant to EDPL 304 (E) for the distribution of money that had been deposited (*see* Court of Claims Act § 9 [12]), and service of the petition without a verification did not constitute an incurable "jurisdictional" defect (*see Matter of Miller v Board of Assessors*, 91 NY2d 82, 86 [1997]; *Matter of Fantauzzi v New York State Div. of Human Rights*, 113 AD3d 518 [2014]; *Harris v State of New York*, 38 AD3d at 150; *Matter of City of Rensselaer v Duncan*, 266 AD2d 657, 659 [1999]; *see also Lepkowski v State of New York*, 1 NY3d 201 [2003]). In this regard, the petitioner, upon notice from the State, cured the omission within a matter of days (*see* CPLR 3022, 3025 [a]; *Matter of Miller v Board of Assessors*, 91 NY2d at 87; *Nelson v State of New York*, 67 AD3d 1142 [2009]; *Matter of Astoria Fed. Sav. & Loan Assn. v Board of Assessors*, 212 AD2d 600 [1995]; *see generally Lepkowski v State of New York*, 1 NY3d 201 [2003]). Moreover, considering that no substantive right of the State was prejudiced by the missing verification, even if the omitted material had not been supplied, the Court of Claims, under the circumstances presented to it, should have disregarded the technical infirmity pursuant to CPLR 2001 and 3026 (*see Matter of Miller v Board of Assessors*, 91 NY2d at 86; *Harris v State of New York*, 38 AD3d at 150; *Matter of City of Rensselaer v Duncan*, 266 AD2d 657 [1999]; *SLG Graybar v Hannaway Law Offs.*, 182 Misc 2d 217 [Civ Ct, NY County 1999]).

Accordingly, the Court of Claims erred in dismissing the petition, and we remit the matter to the Court of Claims for further proceedings on the petition, including the resolution of the matter on the merits. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.