■ GREG WALTMAN, Appellant, et al., Plaintiff, v BERKSHIRE HATHAWAY INC. et al., Respondents. [51 NYS3d 413]—Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about March 10, 2016, which denied pro se plaintiff's motion for a default judgment, and granted defendants Berkshire Hathaway Inc.'s and JPMorgan Chase Bank N.A.'s cross motions to dismiss the complaint, and for an order prohibiting plaintiffs from the commencement of any action or proceeding against either defendant without first obtaining the permission of the administrative judge, unanimously affirmed, without costs.

Plaintiff Waltman commenced this action based upon broad-ranging, difficult to comprehend allegations against the defendants for "elaborate communications fraud to cover up shadow banking and insider trading fraud."

As a threshold matter, plaintiff abandoned his appeal from the order granting defendants' motions to dismiss, for failure to address the merits of that decision in his brief (*McCabe v 148-57 Equities Co.*, 305 AD2d 231, 232 [1st Dept 2003]). If considered on the merits, dismissal was correctly granted as plaintiff failed to state any cognizable cause of action (*Di Nezza v Credit Data of Hudson Val.*, 166 AD2d 768, 768-769 [3d Dept 1990], *lv dismissed, denied* 77 NY2d 935 [1991]; *Galatowitsch v New York City Gay & Lesbian Anti-Violence Project*, 1 AD3d 137, 137 [1st Dept 2003], *lv denied* 1 NY3d 507 [2004]). Moreover, plaintiff did not obtain personal jurisdiction over the de-

fendants, as he failed to serve the summons and complaint on a law firm that was representing defendants in this matter (CPLR 3211 [a] [8]; 311 [a] [1]). To the extent plaintiff asserts claims arising out of insider trading and manipulation of the commodities market, he lacks standing to sue, as the claim should have been brought derivatively (*see Broome v ML Media Opportunity Partners*, 273 AD2d 63, 64 [1st Dept 2000]), and the corporate plaintiff lacks standing to proceed pro se (CPLR 321; *see Matter of Tenants Comm. of 36 Gramercy Park v New York State Div. of Hous. & Community Renewal*, 108 AD3d 413, 413-414 [1st Dept 2013], *lv dismissed* 22 NY3d 990 [2013]; *Michael Reilly Design, Inc. v Houraney*, 40 AD3d 592, 593-594 [2d Dept 2007]).

Given plaintiffs' prior history of baseless complaints, the order prohibiting plaintiffs from commencing any lawsuits without prior judicial permission was proper (*see e.g. Melnitzky v Uribe*, 33 AD3d 373, 373 [1st Dept 2006]). Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.