■ HAMILTON LIVERY LEASING, LLC, Appellant, v STATE OF NEW YORK, Respondent. [58 NYS3d 624]—

McCarthy, J.P. Appeal from an order of the Court of Claims (Collins, J.), entered December 9, 2015, which, among other things, granted defendant's cross motion to dismiss the claim.

After it came to the attention of claimant that the Department of Motor Vehicles had issued the title of a vehicle owned by it to Henriques Ramon, who was the lessee and registrant of the vehicle, and after Ramon sold the vehicle to a third party, claimant filed and served a claim alleging negligence arising from the Department of Motor Vehicles' actions. It is uncontested that this filing occurred within 90 days of the accrual of the claim (*see* Court of Claims Act § 10 [3]; *Encarnacion v State*

*of New York*, 112 AD3d 1003, 1004 [2013]), but the claim was filed by the president of claimant rather than by an attorney. Defendant answered the initial claim, denied liability and raised a number of affirmative defenses, including that the Court of Claims lacked subject matter jurisdiction over the matter because of the prohibition pursuant to CPLR 321 (a) of the pro se representation of a limited liability company (hereinafter LLC) such as claimant.

In June 2014, and at a point uncontestedly past the initial filing requirements of Court of Claims Act § 10 (3), claimant obtained counsel who filed a notice of appearance and moved to amend the claim, seeking to add counsel's signature and an additional cause of action seeking a writ of mandamus "compelling defendant to properly issue clean and clear title" to the vehicle. Defendant cross-moved to dismiss the amended claim on the grounds, among others, that the initial filing was a nullity and that therefore the Court of Claims lacked subject matter jurisdiction and that the amended claim failed to state a cause of action. In opposition to defendant's cross motion, claimant contended, among other things, that its initial pro se filing was curable or forgivable pursuant to CPLR 2001. The court held that the initial claim was a nullity and the amended claim was untimely, and, as a result, granted defendant's cross motion to dismiss the claim and denied claimant's motion to amend its claim. After finding claimant's motion academic, the court nonetheless concluded that the court lacked jurisdiction for the equitable relief requested by claimant's mandamus cause of action. Claimant now appeals.

Initially, we reject defendant's contention that CPLR 321 (a) implicates subject matter jurisdiction in this Court of Claims action. "[Defendant's] waiver of sovereign immunity is limited only by the procedure described in article II of the Court of Claims Act" (*Breco Envtl. Contrs., Inc. v Town of Smithtown*, 31 AD3d 357, 358 [2006]). Pursuant to Court of Claims Act § 8, defendant "hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in *accordance with the same rules of law as applied to actions in the supreme court* against individuals or corporations, provided the claimant complies with the limitations of *this article*" (emphasis added). As suits against defendant are in derogation of the common law and thus permitted only by virtue of defendant's waiver, the limitation on that waiver contained in Court of Claims Act § 8—compliance with the limitations of article II of the Court of Claims Act— implicates subject matter jurisdiction. For this reason " 'the

failure to strictly comply with the filing or service provisions of the Court of Claims Act divests the court of subject matter jurisdiction and compels dismissal of [a] claim' " (*Baysah v State of New York*, 134 AD3d 1304, 1305 [2015], quoting *Caci v State of New York*, 107 AD3d 1121, 1122 [2013] [internal quotation marks and citations omitted]).

Here, defendant does not point to any service or filing provision—or any other provision—of the Court of Claims Act that prohibits claimant from pro se representation. Instead, defendant relies on CPLR 321 (a), which provides that, subject to express exceptions, a "corporation or voluntary association shall appear by attorney" to "prosecute or defend a civil action," and "like a corporation or a voluntary association, [an] LLC may only be represented by an attorney and not by one of its members who is not an attorney admitted to practice in the state of New York" (*Michael Reilly Design, Inc. v Houraney*, 40 AD3d 592, 593-594 [2007]). Thus, as an initial matter, we conclude that compliance with CPLR 321 (a) does not implicate subject matter jurisdiction, as compliance with that provision is not a prerequisite to the waiver of sovereign immunity pursuant to the Court of Claims Act (*see generally Matter of Mazur Bros. Realty, LLC v State of New York*, 130 AD3d 830, 830-831 [2015] [the Court of Claims should have disregarded technical infirmities pursuant to CPLR 2001 where infirmities did not implicate jurisdictional requirements set forth in the Court of Claims Act]).[1]

Accordingly, we turn to the question of whether the defect of an LLC initially filing a claim pro se is one that can be cured or disregarded pursuant to CPLR 2001. CPLR 2001 provides that, "[a]t any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a

---

1. At oral argument, defendant raised for the first time the argument that the initial pro se representation violated Court of Claims Act § 9 (9). That provision provides that the Court of Claims shall have jurisdiction "[t]o establish rules for the government of the court and the regulation of practice therein and to prescribe the forms of procedure before it, in furtherance of the provisions of this act and not inconsistent with law, and except as otherwise provided by this act or by rules of this court or the [CPLR], the practice shall be the same as in the supreme court." The provision does not indicate that the satisfaction of CPLR requirements generally, or of CPLR 321 (a) specifically, transform into prerequisites to subject matter jurisdiction when applied in the Court of Claims.

substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid." The Court of Appeals has established that the most recent amendments to CPLR 2001—clarifying that the provision applies to the commencement of actions—were for the purpose of "allow[ing] courts to correct or disregard technical defects, occurring at the commencement of an action, that do not prejudice the opposing party" (*Ruffin v Lion Corp.*, 15 NY3d 578, 582 [2010]).

In deciding whether claimant's failure to appear by attorney within the prescribed filing period—where the filing otherwise satisfied the requirements of the Court of Claims Act—is a defect that may be cured or disregarded, we examine the law regarding the legal representation of fictional persons. Initially, it is notable that, even within CPLR 321 (a), the Legislature plainly expressed its intention that an entity such as claimant could appear without an attorney, represented by specific persons such as officers, directors or employees, in specified circumstances, many of which regard small claims (*see e.g.* NY City Civ Ct Act § 1809 [2]). Moreover, the Legislature, in other instances, has empowered particular corporate entities with the ability to appear in court without an attorney (*see Matter of Sharon B.*, 72 NY2d 394, 398-399 [1988] [holding that N-PCL 1403 empowered societies for the prevention of cruelty to children, corporations, "both to lodge complaints and to prosecute them by nonattorney representatives"]). Such exceptions establish that the Legislature has recognized that the need for attorney representation of corporate entities is a flexible, policy-based determination, rather than a fundamental prerequisite to legal proceedings or a general jurisdictional prerequisite.

Moreover, we note that many state and federal courts have treated prohibited acts of corporate pro se representation as curable defects (*see In re IFC Credit Corp.*, 663 F3d 315, 321 [7th Cir 2011, Posner, J.] ["(H)aving obtained counsel, (the corporation) could resurrect the litigation by amending its petition . . . with relation back to the date of the original filing"]; *H & H Dev., LLC v Ramlow*, 364 Mont 283, 289-290, 272 P3d 657, 662-663 [2012] [A court has discretion to cure a corporate pro se complaint and should "not declare an otherwise valid complaint void for technical reasons"]; *Save Our Creeks v City of Brooklyn Park*, 699 NW2d 307, 310 [Minn 2005] ["(A) complaint signed and filed by a nonattorney on behalf of a corporate entity is not a legal nullity"]; *Boydston v Strole Dev. Co.*, 193 Ariz 47, 50, 969 P2d 653, 656 [1998] ["A corporation cannot appear without a lawyer, but . . . (a) reasonable op-

portunity should be given to cure the problem"]; *Hawkeye Bank & Trust, N.A. v Baugh*, 463 NW2d 22, 26 [Iowa 1990] [The trial court abused its discretion by rejecting a motion for continuance by a nonattorney representative of a corporation who wished to secure counsel]; *but see Carlson v Workforce Safety & Ins.*, 2009 ND 87, ¶ 26, 765 NW2d 691, 702 [2009] ["The proper remedy when a corporation is represented by a non-attorney agent is to dismiss the action and strike as void all legal documents signed and filed by the non-attorney"]; *cf. Torrey v Leesburg Reg'l Med. Ctr.*, 769 So 2d 1040, 1045 [Fla 2000] [A complaint filed and signed by an unlicensed attorney was an amendable defect, rather than a nullity]). We find the reasoning of those courts persuasive here, given the flexibility of the prohibition on corporate pro se representation and the Legislature's express intent that technical irregularities in filing are subject to correction, absent prejudice and upon just terms. Accordingly, we hold that, under these circumstances, the irregularity of claimant's initial filing was one that the Court of Claims could have disregarded, given counsel's subsequent appearance on behalf of claimant, by granting so much of claimant's motion to amend the claim as added counsel's signature (*compare Ruffin v Lion Corp.*, 15 NY3d at 583; *see generally Matter of Mazur Bros. Realty, LLC v State of New York*, 130 AD3d at 830-831). Moreover, in the absence of any proof of prejudice to defendant, we disregard the irregularity and grant so much of claimant's motion to amend the claim as added the signature of claimant's counsel.

However, we deny the remainder of claimant's motion to amend the claim to add a cause of action seeking a writ of mandamus "compelling defendant to properly issue clean and clear title" to the vehicle. Such relief is not incidental to the monetary relief sought in claimant's negligence cause of action,[2] and the Court of Claims has no jurisdiction to grant strictly equitable relief (*see Madura v State of New York*, 12 AD3d 759, 760 [2004], *lv denied* 4 NY3d 704 [2005]; *see generally Matter of Gebman v Pataki*, 256 AD2d 854, 855 [1998]).

Egan Jr., Rose, Devine and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion and denied claimant's motion in its entirety; cross motion denied and motion granted to the extent of adding the signature of claimant's counsel; and, as so modified, affirmed.

---

2. Although defendant initially argued that it was entitled to dismissal for claimant's failure to state a negligence cause of action against it, the Court of Claims did not reach the issue, and defendant does not argue the point as an alternative ground for affirmance.