Hidden Pond Schodack, LLC v Hidden Pond Homes, Inc. (2020 NY Slip Op 07441)





Hidden Pond Schodack, LLC v Hidden Pond Homes, Inc.


2020 NY Slip Op 07441


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

530333

[*1]Hidden Pond Schodack, LLC, Respondent,
v
Hidden Pond Homes, Inc., et al., Appellants.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ.


Talarico Law Firm, Fayetteville (Joseph R. Talarico II of counsel), for appellants.
The Law Office of Jeffrey L. Zimring, Albany (Jeffrey L. Zimring of counsel), for respondent.



Pritzker, J.
Appeal from an amended judgment of the Supreme Court (Zwack, J.), entered April 15, 2019 in Rensselaer County, upon an amended decision of the court partially in favor of plaintiff.
Plaintiff is a limited liability corporation, of which Mario DiGioia is the sole shareholder, that owns a parcel of property in the Town of Schodack, Rensselaer County that was approved by the Town for a development of a 24-lot residential subdivision. In 2013, plaintiff and defendant Hidden Ponds Homes, Inc., of which defendant Graig Arcuri is the sole shareholder, entered into a real estate development agreement whereby it was agreed that Hidden Pond Homes would enter into construction contracts with purchasers of homes to be built on the lots in the subdivision. According to the agreement, as relevant here, plaintiff was to be compensated $72,000 for each lot transferred to Hidden Pond Homes or the ultimate purchaser of the lot. The agreement also provided that Arcuri would personally guarantee the liabilities of Hidden Pond Homes.
In March 2015, plaintiff commenced this action alleging that defendants breached the agreement and seeking money damages, as well as a declaratory judgment that it was able to convey the unsold lots on the property free of any claim by defendants. Defendants asserted several affirmative defenses and counterclaims, including a counterclaim for fraud. After a two-day nonjury trial, Supreme Court found for plaintiff on the first cause of action for breach of contract regarding three lots on the property and granted plaintiff a judgment in the amount of $59,158.33. Plaintiff's remaining causes of action and defendants' counterclaims were dismissed. Following an application by plaintiff to cancel defendants' mechanic's lien and discharge a bond, plus a request for counsel fees, the court denied the request for counsel fees but issued an amended judgment, awarding plaintiff $83,627.76, which was comprised of the initial judgment, interest, costs and disbursements. Defendants appeal.
Initially, we reject plaintiff's contention that the appeal should be dismissed because Arcuri, who is not an attorney, filed a notice of appeal on behalf of Hidden Pond Homes.[FN1] In the interim period between relieving his trial counsel and obtaining appellate counsel, Arcuri filed a notice of appeal on behalf of himself and Hidden Pond Homes. Subsequently, after plaintiff filed a motion to dismiss the appeal, Hidden Pond Homes entered into an assignment of claim with Arcuri that specifically references this appeal as the claim being assigned. The assignment has a retroactive "effective date" predating the filing of the notice of appeal. Defendants were represented by counsel in Supreme Court and have representation on appeal, and it appears that the only action done by Arcuri in this matter without counsel was the filing of the notice of appeal.
There is no dispute that the assignment of Hidden Pond Homes' claims was a tactic to circumvent CPLR [*2]321 (a), which creates a prohibition on corporate self-representation (see Waltman v Berkshire Hathaway Inc., 150 AD3d 433, 434 [2017]). Nevertheless, the assignment complied with corporate formalities, was "legitimate" and allowed the notice of appeal to be considered properly filed, as Arcuri obtained all of Hidden Pond Homes' claims and, thus, CPLR 321 (a) does not apply (Kinlay v Henley, 57 AD3d 219, 220 [2008]; see Traktman v City of New York, 182 AD2d 814, 815 [1992]; compare Ficalora v Town Bd. Govt. of E. Hampton, 276 AD2d 666, 666 [2000]). Moreover, the notice of appeal otherwise complied with the necessary statutory requirements (see CPLR 5513; see generally Hamilton Livery Leasing, LLC v State of New York, 151 AD3d 1358, 1359-1360 [2017]; compare O'Connor v Sleasman, 14 AD3d 986, 987 [2005]) and the retroactive assignment of Hidden Pond Homes' claims to Arcuri did not prejudice defendants in any way (see generally Ruffin v Lion Corp., 15 NY3d 578, 582 [2010]; Hamilton Livery Leasing, LLC v State of New York, 151 AD3d at 1360-1361). Thus, under these circumstances, we discern no issue with the assignment of claim having a retroactive effective date.
Turning to the merits, defendants contend that Supreme Court's verdict is not supported by the evidence at trial. In this regard, "[t]his Court reviews a nonjury verdict by conducting an independent review of the evidence, affording due deference to the trier's factual findings and credibility determinations, and rendering the judgment warranted by the record" (Old Timers Rod & Gun Club, Inc. v. Wa—A—We Rod & Gun Club, Inc., 184 AD3d 1033, 1033 [2020]; see Matter of Jewett, 145 AD3d 1114, 1116 [2016]).
Defendants challenge Supreme Court's use of plaintiff's exhibit Q, an accounting prepared by Arcuri and accepted by plaintiff, finding it to be a "clear accounting of the lot price, payments, and amounts due on each of the lots." Defendants do not dispute that it was proper for the court to utilize this exhibit, and even admits that it was accurate as of September 23, 2014. Rather, defendants challenge the court's decision not to award damages to defendants for subdivision costs incurred after that date. In its decision, the court noted that both DiGioia and Arcuri are sophisticated businessmen and that both witnesses had "shaped and colored their respective testimony for their own advantage." Accordingly, the court stated that portions of their testimonies were not credible and were given no weight. Pursuant to the parties' agreement, plaintiff was responsible for all costs relating to approval and completion of the subdivision. This does not include improvement costs related to the lots, as those are the responsibility of Hidden Pond Homes. At trial, Arcuri testified regarding subdivision costs and admitted into evidence several exhibits substantiating these costs. As Supreme Court properly found, many of these costs were incurred prior to the time of the September 23, 2014 accounting[*3]; thus, Arcuri, who created the accounting, had the opportunity to include these costs. As to expenses incurred after September 23, 2014, we agree with Supreme Court that defendants failed to submit proof that these expenses were to be borne by plaintiff.
Defendants also challenge Supreme Court's award of lot payments to plaintiff, contending that plaintiff was not entitled to those payments as of September 23, 2014. Pursuant to the parties' agreement, the time and amount of lot payments due plaintiff was dependent upon how the purchasers of the lots financed construction. In its decision, Supreme Court specifically addressed this issue, finding that sufficient evidence was not offered for the court to determine this issue and calculate the lot payments due plaintiff. Instead, the court relied upon plaintiff's exhibit Q, which Arcuri prepared, to make this determination. Given that Arcuri prepared this accounting, that plaintiff did not object to it and that it specifically addresses the payments due plaintiff, the record supports Supreme Court's inclusion of lot payments in the award of damages due plaintiff. Accordingly, after reviewing the trial evidence and according due deference to the credibility determinations of Supreme Court, we decline to disturb the award of damages to plaintiff (see Old Timers Rod & Gun Club, Inc. v Wa-A-We Rod & Gun Club, Inc., 184 AD3d at 1034; Poli v Lema, 24 AD3d 981, 983 [2005]).
We next address defendants' counterclaim alleging fraud, which Supreme Court denied. A party alleging fraud in the inducement bears the burden of proving each of the elements by clear and convincing evidence (see State of New York v Industrial Site Servs., Inc., 52 AD3d 1153, 1157 [2008]; Tanzman v La Pietra, 8 AD3d 706, 707 [2004]). The party alleging fraud must show that (1) the other party knowingly misrepresented a material fact with (2) the intent to deceive the party alleging fraud, who (3) justifiably relied upon such misrepresentation, and (4) experienced pecuniary loss as a result of said reliance (see Delibasic v Manojlovic, 174 AD3d 1096, 1097 [2019]; Young v Williams, 47 AD3d 1084, 1086 [2008]). Justifiable reliance does not exist where the party possesses the means to determine the true nature of the transaction by exercising ordinary intelligence and fails to make use of those means (see Towne v Kingsley, 163 AD3d 1309, 1311-1312 [2018]; Revell v Guido, 101 AD3d 1454, 1457 [2012]).
Supreme Court properly dismissed defendants' counterclaim for fraud as defendants failed to prove that they justifiably relied on an alleged misrepresentation. To that end, the testimony at trial established that the subdivision application was available to the public upon request. Testimony of the Town of Schodack Director of Planning and Zoning reveals that Arcuri requested to review the subdivision application file on May 6, 2013, two days after the agreement between the parties was signed. Additionally, although Arcuri testified [*4]that he collected documents from DiGioia and examined the property a few weeks before executing the agreement, this testimony was impeached with Arcuri's deposition testimony wherein he admitted that he did not investigate the status of the subdivision project prior to executing the agreement. Thus, the credible evidence demonstrates that defendants failed to prove that they exercised due diligence with respect to the transaction (see Kurtz v Foy, 65 AD3d 741, 743 [2009]; Lusins v Cohen, 49 AD3d 1015, 1017-1018 [2008]). We find defendants' further allegations of fraud similarly lacking in merit.
Egan Jr., J.P., Mulvey and Aarons, JJ., concur.
ORDERED that the amended judgment is affirmed, with costs.



Footnotes

Footnote 1: Contrary to defendants' assertion, despite this argument having been made in a motion to dismiss the appeal, this argument is properly before this Court as the reassertion of this argument on appeal was precisely the reason that the motion was denied without prejudice (2020 NY Slip Op 64684[U] [2020]).